STATE OF FLORIDA, *ex rel.* W. S. KNAUSS, *Petitioner*, v. C. E. CHILLINGWORTH, JUDGE OF THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT OF FLORIDA, *Respondent*.

En Banc.

Opinion Filed December 16, 1924.

Where on appeal from a judgment of conviction in the County Court, the Circuit Court without authority of law, orders a reduction of the fine imposed by the County Court, the Circuit Court has the power before its mandate is transmitted to the trial court, to grant a rehearing in the cause, the effect being to set aside the unauthorized order; therefore the Circuit Court should, pursuant to the statute, "affirm or reverse the judgment appealed from as the justice of the cause shall require."

A case of original jurisdiction.

Rule discharged.

*Blackwell, Donnell & McCracken*, for Petitioner;

*H. J. Dame* and *George W. Coleman*, for Respondent.

WHITFIELD, J.—A rule was issued by this Court to the Circuit Judge to show cause why a writ of prohibition should not issue to prevent him from further proceeding on a rehearing granted by him in a criminal cause that had been conditionally reversed by his predecessor in office, on

an appeal from a judgment of conviction in the county court, upon a charge under Section 5062, Revised General Statutes, 1920.

The respondent filed a return and demurrer called a motion to quash.

The information charges that the defendant on August 31, 1922, in St. Lucie County, Florida, "did then and there wilfully and unlawfully through culpable negligence and a reckless disregard for the safety of others did inflict personal injuries, to-wit: bruises and other injuries upon another, to-wit: Mrs. R. R. Barker, not resulting in her death, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida.'"

The verdict was: "We the jury find the defendant guilty so say we all. We recommend the mercy of the Court."

"On October 17, 1922, court sentenced defendant, W. S. Krauss, to pay a fine of $250.00 and costs, or six months in the County jail, subject to the orders of the Board of County Commissioners of St. Lucie County, Florida."

A motion in arrest of judgment was denied as also was a motion for new trial.

On an appeal taken to the Circuit Court, the following order was made: "This cause coming on to be heard upon an appeal from the final judgment in the County Court of St. Lucie County, Florida, and the court having considered the evidence and pleadings in the case, and it appearing to the Court that the offense proven is not of such a nature as to warrant an extreme fine as was levied in this case,

"It is therefore ordered, adjudged and decreed that the sentence imposed in this cause against the defendant shall be reduced to $25.00 and costs, and that upon failure of

470 SUPREME COURT OF FLORIDA.

State ex rel. Knauss v. Chillingworth—Opinion of Court.

the lower court to reduce the fine as herein ordered, the cause be reversed and remanded for new trial.

Done, ordered, adjudged and decreed in chambers at West Palm Beach, Florida, this the 11th day of June, A. D. 1923.

E. C. Davis, Judge."

A motion for rehearing was made on the following grounds:

"1. Because the court was under the misapprehension of the offense charged and proven, in that it states in its order reducing the sentence from a fine of $250.00 and costs to $25.00 and costs, 'That the offense proven is not of such a nature as to warrant an extreme fine as was levied in this case.' The offense charged in the information is 'culpable negligence,' and Section 5062 fixes the penalty at imprisonment not exceeding one year or fine not exceeding $1,000.00 or both.

"2. Because the Court was under a misapprehension of the authority granted it by the statutes in the cases appealed from the County Court.

"3. Because an Appellate Court is not permitted by the law and rules of practice to reduce or interfere with sentences of a lower court legally imposed.

"4. Because an Appellate Court is without authority to render an alternative judgment.

"5. Because the Appellate Court exceeded its authority in ordering the lower court to reduce the fine imposed by it.

"6. Because a court is without authority to alter or change a sentence once made and recorded in criminal cases."

The Court made the following order thereon:

"This is an appeal from the County Court of Saint Lucie County, Florida, and comes on to be heard upon motion

for rehearing of an order entered by the then Circuit Judge on June 11th, 1923, and filed for record in the office of the Clerk of the Circuit Court June 14th, 1923.

"The motion for rehearing was filed before the writer June 18th, 1923, and in the office of the Clerk of the Circuit Court June 20th, 1923.

"This court will take judicial notice of the fact that the then Circuit Judge went out of office June 13th, 1923, (the day before the order was filed in the Clerk's office) and at no time has any mandate or other order of any kind been sent down to the County Court of Saint Lucie County, and the Clerk has never been directed to send any.

"It appears from the order entered by the then Circuit Judge that the court did not believe that there was any reversible error in the record, but seemed to be of the opinion that the offense proven was not of such nature as to warrant such extreme fine as the Circuit Judge thought had been levied in the case. It further appears that the sentence imposed by the trial court was considerably within the limit authorized by law, and it does not plainly appear to this Court at the present time that the then Circuit Judge was clothed with proper authority by law, acting as an appellate court, to reduce the sentence imposed by the trial court from a sentence, duly authorized by law, to a lesser sentence; and it further appears to this Court that the then Circuit Judge had not fully considered the matter and was not fully aware of the authority existing in an appellate court in ordering the trial court to reduce the fine or as an alternative, that the cause be reversed. It is to be noted that the cause was only reversed if the sentence should not be reduced by the trial court.

"As the motion for rehearing, filed within the proper time, presented questions which this Court feels it would be advisable to have argued and presented to the Court,

the motion for the rehearing will be granted, and the cause set down for argument on appeal in the Circuit Court upon due notice.

"Done and ordered, at Chambers, in the city of West Palm Beach, Florida, this October 3rd, A. D. 1923.

C. E. Chillingworth, Judge."

The statutes provide: "Whoever through culpable negligence, or a reckless disregard for the safety of others, inflicts any personal injury or injuries upon another, not resulting in death, shall be punished by imprisonment in the county jail not exceeding one year or by fine not exceeding one thousand dollars, or by both such fine and imprisonment." Sec. 5062, Rev. Gen. Stats. 1920.

In regulating appeals from county courts to Circuit Courts it is provided that "the Appellate Court shall thereupon proceed to hear and determine the errors assigned, whether in term time or vacation, and affirm or reverse the judgment appealed from as the justice of the cause shall require, without regard to any presumption being indulged in to support the correctness of the judgment appealed from, and shall issue its mandate to the lower court, with its findings on such appeal, within not less than ten nor more than thirty days after the rendition of its decision, and transmit back to the lower court the record sent up in said cause. Chap. 7841, Acts of 1919, Sec. 1, par. 6.

It appears that the information charges an offense in the terms of the statute, and that the information is sufficient to advise the defendant of the nature and cause of the accusation against him, Sec. 11, Declaration of Rights, and the verdict and sentence are within the limitations of the law. Even if the sufficiency of the information as a pleading may be considered in this proceeding involving the jurisdiction of the Circuit Court, such sufficiency was

not tested before the trial in the county court, and it does not appear that the form of the information was detrimental in arranging the defense. The order made on appeal conditionally reversing the judgment does not either "affirm or reverse the judgment appealed from" as required by the quoted statute, but the order made on the appeal is unauthorized by law. The order granting a rehearing is in effect merely a setting aside of the unauthorized order, and was made upon a motion filed within ten days after the order on the appeal was made, and before the mandate was due to go down under the statute and before the mandate was sent down. The Circuit Court had not lost jurisdiction of the cause. Such court had the power "within term time or vacation" to set aside an unauthorized order by a proper final order to "affirm or reverse the judgment appealed from as the justice of the cause shall require."

The rule is discharged.

TAYLOR, C. J., AND ELLIS, BROWNE, WEST AND TERRELL, J. J., concur.