ROBERTS, Justice.
Appellee has filed a Motion to Dismiss the appeal in the instant case, which was taken by appellant from an order entered in habeas corpus proceedings instituted by him in the court below to secure his release from the custody of the appellee, as Prison Custodian of the State of Florida. The order appealed from dismissed the habeas corpus proceedings and remanded the appellant to the custody of the appellee. It was entered on November 22, 1954, and Notice of Appeal was filed by appellant on February 17, 1955. This was more than sixty but less than ninety days from the date of the order appealed from. The appellee cites State ex rel. Deeb v. Fabisinski, 111 Fla. 454, 152 So. 207, 156 So. 261, decided in 1933 in support of his contention that habeas corpus proceedings are civil in nature and that appeals from orders entered in such proceedings’must be filed within sixty days from the date of the entry of the order. This contention cannot be sustained.
■ It is true that in State ex rel. Deeb v. Fabisinski, supra [111 Fla. 454,- 152 So. 209], we said that the writ of habeas corpus “is not an action or suit, but is a summary remedy open to the person, detained. It is civil rather than criminal in nature and is a legal and not equitable remedy.” While it well may be that, as to habeas corpus proceedings which are not concerned with. obtaining release from custody by one who is .being held on a charge- ;or ’conviction of violating, the criminal laws of this state, such proceedings might be considered “civil rather than criminal in nature”, there can be no doubt that as to habeas corpus proceedings of the type with which we are here concerned the appeal must be prosecuted in accordance with the statute adopted in 1939 relating to appeals in criminal cases, Chapter 924, Fla.Stat.1953, F.S.A. It was so held in Sweat v. Hixon, Fla., 1950, 45 So.2d 190. In that case, the petitioner sought to obtain his-release from the custody of the Sheriff of Duval County in habeas corpus proceedings, and an order requiring his release was entered by the lower court. On appeal to this court by the State, as authorized by Section 924.07(6), Fla.Stat.1953, F.S.A., it was held that the appeal was not timely filed because not filed within twenty days *331 of the date of the order appealed from, as required by Section 924.10, Fla.Stat.1953, F.S.A. We can see no difference in principle where the petitioner is the appealing party.
Since the appeal in the instant case was filed within ninety days- of the date of the entry of the order appealed from, as provided by Section 924.09, Fla.Stat.1953, F.S.A., it was timely filed, and the appellee’s Motion to Dismiss is, therefore, denied.
MATHEWS, C. J., and TERRELL and SEBRING, JJ., concur.