ALLEN, Judge.
Arthur Ray Atwell, respondent here, was convicted in the Criminal Court of Record, Polk County, Florida, of driving an automobile while under the influence of an intoxicating liquor. The Judge of the Criminal Court of Record sentenced the respondent to be confined in the County Jail of Polk County, Florida, at hard labor for a term of 90 days and pay court costs.
An appeal was duly taken from said1 judgment and sentence and on May 6, 1955, the Circuit Judge before whom the appeal *126 was argued, entered an order in said appeal which amended and modified the judgment and sentence of the Criminal Court Judge and provided that the respondent was to pay a fine of $100 in lieu of confinement.
A motion for rehearing was filed which the Circuit Judge denied, and on June 10, 1957, a mandate was directed to the Judge of the Criminal Court of Record commanding the Judge of said court to comply with the judgment of said Circuit Court.
Petition for certiorari was filed by the State of Florida, which, in effect, questioned the authority of the Circuit Judge to change the sentence of the Judge of the Criminal Court of Record.
 It was held in the case of State ex rel. Krauss v. Chillingworth, 1924, 88 Fla. 468, 103 So. 120, that a Circuit Judge does not have the power to change a sentence of a Judge of the County Court, which decision would be also applicable to the sentence of the Judge of a Criminal Court of Record. As a matter of fact, it was not contended by the Respondent that the order of the Circuit Judge was valid in this case. The objections offered to the petition for writ of certiorari being primarily (1) that the writ should be denied because the State had the right to appeal from the Circuit Judge’s order and, therefore, certiorari would not lie. (2) That the judgment entered in the case by the Circuit Judge was not final and, therefore, certiorari would not lie.
Section 924.07, Florida Statutes 1955, F.S.A., provides the only grounds upon which the State may appeal in a criminal case. None of the grounds set forth therein are applicable in this case.
There is some logic in the respondent’s contention that the judgment of the Circuit Court was not final, but this court is of the opinion that the Judge of the Circuit Court would necessarily have had to affirm the conviction of the respondent in the Criminal Court of Record in order to have changed the sentence from imprisonment to a fine. The order of the court entered on the 12th day of May, 1955, stated:
“ * * * This Court is of the opinion that if the judgment of the trial court is affirmed, the appellant should be given the privilege of paying a fine in lieu of confinement, and it is ordered and adjudged that the judgment and sentence entered on June 22, A. D. 1954, in the Criminal Court of Record of Polk County, Florida, in Case No. 20140, be modified or amended in such manner and to such extent as to provide that Arthur Ray Atwell be required to pay a fine of $100.00, * * *»
must be construed as an affirmance of the trial court but with a change of sentence.
It is the order of this court that the motion to dismiss the petition and deny the writ of certiorari be denied.
It is further ordered that that part of the order of the Circuit Judge of Polk County changing the sentence of the lower court from imprisonment to a fine be quashed.
KANNER, C. J., and PLEUS, J., concur.