PER CURIAM.
An information had been filed on May 27, 1947, against appellee here, defendant in the Circuit Court of Marion County, charging him with unlawfully breaking and entering a certain building, to wit, the bedroom of one Doris Whaley in the Maxine Hotel, with the intent to steal personal property of a value exceeding fifty dollars. It further charged that appellee was armed with a dangerous weapon and that he assaulted Doris Whaley. Appellee, as defendant, entered a plea of guilty, and the court sentenced him to life imprisonment under the provisions of section 810.01, F.S.A.
A habeas corpus proceeding was instituted on June 25, 1962, in the Circuit Court of Broward County, with appellee as petitioner claiming that the sentence imposed was excessive and thereby void and that he should have been sentenced under section 810.02, F.S.A. On September 21, 1962, the court entered an order vacating, cancelling, and voiding the original judgment and sentence of the Circuit Court of Marion County and directing that appellee be delivered to the sheriff of Marion County “ * * * and that the said Sheriff shall deliver him to the Circuit Court for further proceedings in accordance with Section 810.02, F.S.A.,” and instructing the circuit court, in the event new sentence were imposed, to credit “all good time” served under the previous sentence, together with gain time for good con *819 duct which has accrued to him since May 27,1947, “ * * * the date of the void sentence imposed upon him.” From this order, through the instrumentality of the appellant State, a motion to grant appeal was filed on October 5th. On October 11, 1962, the Circuit Court of Broward County granted the motion; and notice of appeal was filed on October 23, 1962, for review of the September 21, 1962, judgment.
Motion to dismiss the appeal has been interposed by appellee upon the proposition that notice of it was not timely filed and that jurisdiction, therefore, is not conferred on this court. Appellee asserts in this connection that under section 924.10, F.S.A., and Rule 6.3, Florida Appellate Rules, 31 F.S.A., an appeal may be taken by the State within thirty days after the order of sentence appealed from has been entered. Since the appeal is for review of the circuit court’s judgment of September 21, 1962, and the appeal was filed on October 23, 1962, appellee mathematically computes that the notice of appeal was filed on the thirty-second day and is therefore too late.
It is the position of the State that it is required under section 79.11, F.S.A., relating to appeals from habeas corpus orders, that the judge shall grant permission for the appeal. Cited by the State in support of this procedure are the cases of State ex rel. Brister v. Brister, 1947, 158 Fla. 662, 29 So.2d 699; Freeman v. Blackburn, Fla., 1957, 92 So.2d 262; Shenk v. Shenk, Fla. App., 1961, 126 So.2d 286, cert. denied Fla., 138 So.2d 340. The State then urges that since the judge did not grant the permission in the order appealed from, it was necessary to file motion to acquire such authority, and that on October 5, 1962, it seasonably filed such a motion, and that the circuit court on October 11, 1962, granted it and entered an order allowing the appeal. It is the State’s conclusion that the motion tolled the operation of the appeal period.
The State utilized the procedural aspects afforded by section 79.11. There has been raised no question with respect to the constitutionality of this section as being in contravention of section 5(3) of Article 5 of the Constitution, F.S.A., either through the motion to dismiss or through court ruling. Although there have been successive statutory revisions, section 79.11 has been consistently retained. We feel that the motion of the State for permission to appeal, having been seasonably filed operated as a stay, and hence the notice of appeal was filed within the thirty day period. The motion to dismiss is denied.
SHANNON, C. J., and KANNER and SMITH, JJ., concur.