170 So.2d 299 (1964)
William D. CROWNOVER, Relator,
v.
The Honorable George T. SHANNON, Chief Judge and the Judges constituting the District Court of Appeal of Florida, Second District, Respondents.
No. 32730.
Supreme Court of Florida.
December 21, 1964.
*300 Sandstrom & Hodge, Fort Lauderdale, for relator.
James W. Kynes, Atty. Gen., and Herbert P. Benn, Asst. Atty. Gen., for respondent.
BARNS, PAUL D., Justice (Ret.).
The above-named relator, Crownover, seeks prohibition against the above-named respondent judges of the District Court of Appeal for the want of jurisdiction to entertain an appeal in the case of Griffith, as Superintendent of Division of Corrections of Road Prisons v. State of Florida ex rel. Crownover, Fla.App. 1963, 152 So.2d 818, which decision states the material facts. Griffith was the respondent in habeas corpus proceedings brought by Crownover; the Circuit Judge of Broward County granted Crownover relief resulting in the Griffith appeal, above mentioned, against which prohibition is now sought for want of appellate jurisdiction because the appeal was not timely filed, since it was taken thirty-two (32) days after the entry of the judgment appealed from. We find the grounds for prohibition are unsubstantial and deny prohibition.
The basis for prohibition is Section 924.10, F.S.A., which is as follows:
"An appeal may be taken by the state only within thirty days after the order or sentence appealed from is entered."
The foregoing statutory language first appeared in the "Criminal Procedure Act", being Chapter 19554, Acts of 1939, which Act dealt with the topics of Arrest, Preliminary Hearings, Bail, Methods of Prosecution, Grand Jury, Indictments and Informations, Process Upon Indictments and Information, Arraignment, Motion to Quash, Jurisdiction and Venue, Change of Judge and Removal of Cause, Waiver of Jury Trial, Trial by Jury, Presence of Defendant, Dismissal of Prosecution, Continuance, Proceedings to Determine Mental Condition of Defendant, Conduct of Trial, Conduct of Jury, Motion for New Trial and Arrest of Judgment, Judgment and Sentence, Execution, Form of Indictments and Other Forms, and Appeal.
In 1939, at the time of the enactment of what is now Section 924.10, supra, Section 37 of Article V of the Constitution, provided that:
"The style of all process shall be `The State of Florida' and all prosecutions shall be conducted in the name and by the authority of the State."
which language is now Section 20 of Article V of the Constitution, F.S.A.
Before the enactment of Chapter 19554 in 1939, there was no right of appeal or writ of error by the State in criminal prosecutions. Chapter 19554, supra, is clearly an Act relating to the prosecution by the State for criminal offenses and Section 289 thereof, (which is now Section 924.10, F.S.A.) is only a limitation on the time within which the "State of Florida" may appeal from a decision in a criminal case, which case is prosecuted in its name as a party; said Section has no application to appeals in civil actions involving the many state officers and agencies to which actions it is not actually a party by name.
Where a writ of habeas corpus is sought to secure the discharge of one who is restrained of his liberty by virtue of a judgment, the proceeding is a collateral attack of a civil nature on the validity of the judgment. Re Bowen, 25 Fla. 214, 6 So. 65; Re Prince, 27 Fla. 196, 9 So. 659, 26 Am.St.Rep. 67; Re Pitts, 35 Fla. 149, 17 So. 76; Re Senior, 37 Fla. 1, 19 So. 652, 32 L.R.A. 133; 15 Fla.Jur. 386; it is civil rather than criminal in nature even though sought in behalf of one charged *301 with, or convicted of, a crime. Frederick v. Rowe, 105 Fla. 193, 140 So. 915; State ex rel. Deeb v. Fabisinski, 111 Fla. 454, 152 So. 207, 156 So. 261; Snell v. Mayo, Fla., 80 So.2d 330; 15 Fla.Jur. 387.
Section 924.07(6), F.S.A. (enacted as Section 286, Chapter 19554, Acts of 1939) provides:
"924.07. Appeal by state. An appeal may be taken by the state from:
"* * *
"(6) Judgment discharging prisoner on habeas corpus."
Without reference to whether proceedings in habeas corpus are to be civil or criminal in nature, Sweat, Sheriff v. Hixon et al., Fla. 1950, 45 So.2d 190, held that since the foregoing Section 924.07(6) was a part of Criminal Procedure Act that the then twenty (20) day limitation for appeals by the State (§ 924.10, F.S.A.) controlled the time limit for the appeal in habeas corpus and dismissed the appeal as untimely. The appeal was evidently taken by the County Solicitor on behalf of the Sheriff, who was a party to the action.
In Snell v. Mayo, as Prison Custodian of the State, Fla. 1955, 80 So.2d 330, this Court held that an appeal, by the petitioner seeking release by habeas corpus proceedings, from an order of remand was governed by Section 924.09, F.S.A. governing appeals by the "defendant" in a criminal prosecution allowing the defendant ninety days to appeal. The appeal was not by the State or the state agency; the Court based the decision on Sweat v. Hixon, supra.
In City of Pensacola v. Reese, 1884, 20 Fla. 437, we held that a writ of error must be sued out in the name of a party to the record and that in habeas corpus proceedings, upon the discharge of a prisoner held by the city marshall, a writ of error in the name of the city would not lie because the city was not a party; that the writ must issue in the name of the officer who was a "party to the judgment."
It is our conclusion that since proceedings in habeas corpus are civil in nature, and not criminal, the thirty (30) days allowed the State to appeal in criminal cases by Section 924.10, F.S.A. does not govern; the holding to the contrary in Sweat, Sheriff v. Hixon, Fla. 1950, 45 So.2d 190, is hereby receded from, and our holding in Snell v. Mayo, as Custodian, Fla. 1955, 80 So.2d 330, that the petitioner for release from custody in habeas corpus proceedings, on appeal from an adverse order of remand, has ninety days to appeal under Section 924.09, F.S.A. relating to an appeal by a defendant charged with crime is likewise receded from, since the latter Snell case holding is based on the prior Sweat v. Hixon case, such recession to have prospective application only.
The effect of this holding, prospectively, will be that the time allowed for taking an appeal from a final judgment in habeas corpus cases will be the same as is generally allowed in appeals of other cases of a civil nature; and the time will be the same as to each of the parties to all habeas corpus proceedings. A collateral attack by habeas corpus on proceedings in a criminal case is an attack by the civil process and retains its own innate characteristics.
The right to appeal from the final decisions of trial courts to the Supreme Court and to the District Courts of Appeal has become a part of the Constitution and is no longer dependent on statutory authority or subject to be impaired or abridged by statutory law, but of course subject to rules promulgated by the Supreme Court regulating the practice and procedure. See State v. Furen, Fla. 1960, 118 So.2d 6.
Before the 1956 amendment, Article V of the Constitution did not provide the procedure for invoking the jurisdiction of the Supreme Court for purposes of review, but left such matters to the legislature and *302 the Supreme Court; it simply provided that:
"The Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in circuit courts, * * *."
Section 59.01(3) and (4), F.S.A. (Chapter 22854, Laws of Florida, 1945) provides:
"(3) Writ of error abolished; appeal substituted.  Review in this state by writ of error is abolished. All relief heretofore obtainable by writ of error may hereafter be obtained by appeals as in equity.
"(4) Appeal as a matter of right.  Appeals, except where otherwise expressly provided by law, shall be a matter of right."
The first paragraph of Section 5(3) of Article V of the Constitution, as amended in 1956, provides:
"Jurisdiction. Appeals from trial courts in each appellate district * * may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court." (Emphasis added.)
It thus appears from the foregoing constitutional provision that appeals to the courts of appeal are a matter of right and as of course. The right seems to be absolute and unqualified except where an appeal may be taken to the Supreme Court or a circuit court. There are no conditions specified in the constitution to the right of appeal. The exception clause in Section 59.01(4), supra, is omitted from Section 5 of Article V of the constitution, as amended.
Under present practice trial judges no longer issue writs of error or "allow" appeals and the taking of a timely appeal to the District Courts of Appeal is an unimpaired matter of right subject only to the rules and regulations of the Supreme Court governing the manner, means, mode and method in the taking and prosecution of the appeal; and Section 79.11, Florida Statutes, is of no application under our present practice and procedure. State ex rel. Callahan v. Mitchell, Fla. 1964, 170 So.2d 290. Section 79.11, F.S.A. has been fully superseded by the Florida Appellate Rules, and Section 924.07(6), F.S.A., and Article V of the Constitution.
The rule nisi is quashed and the writ of prohibition is denied.
DREW, C.J., and ROBERTS, THORNAL, O'CONNELL, CALDWELL and ERVIN, JJ., concur.