BARNS, PAUL D., Justice (Ret.)
This matter is before this Court upon a petition for certiorari to review the decision in the appeal to the District Court of Appeal, Second District, from a final judgment in habeas corpus as reported in Michell, as Sheriff v. State ex rel. Callahan, Jr., Fla. App.1963, 154 So.2d 701. We find the ground of the petition without merit and deny it.
The ground of petition for certiorari is as follows:
“The respondent Sheriff appealed to the District Court, Second District, from the habeas corpus proceedings without first obtaining the consent of the Judge of the Circuit Court who issued the Order appealed from — or any Judge of the said Fifteenth Judicial Circuit or any Appellant Court of Justices as required by § 79.11, Florida Statutes Annotated.”
It appears that this ground was raised by the petitioner in the case appealed for the first time in his Petition for Rehearing as follows:
“That appellant failed to invoke the jurisdiction of the Court (of Appeal) pursuant to 79.11, F.S.A. in that the Circuit Court did not grant authority for the Appeal.”
The petition for rehearing was merely denied and petitioner now seeks certiorari *291 review by reason of a sub silentio conflict “on the same point of law”, Section 4(2), Article V, of the Constitution, F.S.A., between the denial and the cases of State v. Quigg, 17 So.2d 698; Brister v. Brister, 29 So.2d 699; and Griffith v. State ex rel. Crownover, Fla.App.1963, 152 So.2d 818.
Section 79.11, F.S.A., is a remanent of the comprehensive habeas corpus procedure act of 1879, Chapter 3129, Laws of Florida, Section 10 of which act provided that:
“The judge hearing the cause, shall grant to any party aggrieved by the judgment a writ of error returnable to the next term of the supreme court, * He *»
Section 79.11, F.S.A., has been amended several times, and presently reads:
“The judge hearing the cause, or a justice of the supreme court, shall grant to any party or persons aggrieved by the judgment, including the state or any officer thereof, or any political subdivision of the state, an appeal in accordance with the Florida appellate rules.”
Since the rendition of the decisions relied on as in conflict with the decision sub judice, Article V, of the Constitution has been amended to provide that appeals from final judgments and decrees of the trial courts (and certain final orders or decrees of the county judges’ courts) “may be taken to the court of appeal of such district, as a matter of right" except those from which appeals may be taken direct to the supreme court or to a circuit court. Section 5(3), Article V, of the Constitution.
It thus appears that Section 79.11, F.S.A. neither in its present text, nor at any previous time with different verbiage, has had any application to appeals or right of appeal since the effective date of the 1956 amendment of Article V of the Constitution; and likewise decisions relating to Section 79.11, supra, rendered prior to the amendment are no longer to be applied as the law governing the right to appeal. Crownover v. Shannon, Fla.1964, 170 So.2d 299 (This date rendered). Section 79.11, supra, has been fully superseded by Sections 4(2) and 5(3), Article V of the Constitution, and Florida Appellate Rules, and it might as well be repealed.
The petition is denied.
DREW, C. J., and ROBERTS, THOR-NAL, O’CONNELL, CALDWELL and ERVIN, JJ., concur.