176 So.2d 597 (1965)
William Eugene BARTON, Appellant,
v.
STATE of Florida, Appellee.
No. G-59.
District Court of Appeal of Florida. First District.
June 29, 1965.
*598 William Eugene Barton, in pro. per.
Earl Faircloth, Atty. Gen., and John S. Burton, Asst. Atty. Gen., for appellee.
WIGGINTON, Acting Chief Judge.
This appeal is from a final order rendered by the trial court on July 30, 1964, denying appellant's motion filed pursuant to Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix to vacate and set aside the judgment and sentence then being served by appellant under a final judgment rendered by the Court of Record of Escambia County on May 29, 1964. The notice of appeal in this case was not filed by appellant in the Court of Record of Escambia County until October 15, 1964, more than seventysix days after rendition of the order appealed.
Criminal Procedure Rule 1 was adopted by the Supreme Court of Florida effective on April 1, 1963. In one of the first decisions construing this rule the Supreme Court said that appeals from orders entered in proceedings brought under Criminal Procedure Rule 1 shall be taken to the appropriate District Court of Appeal, and that appeal time shall be that governing criminal appeals.[1] This decision fixed the appeal time for filing a notice of appeal in Criminal Procedure Rule 1 proceedings at ninety days from the rendition of the order or judgment appealed.
As the decisional law of this state construing Criminal Procedure Rule 1 developed, and the true nature and purpose of this proceeding became clear, the principle of law emerged that although this type proceeding constituted a collateral attack on a judgment rendered in a criminal case, such proceedings are nevertheless civil in nature and, therefore, must be litigated in accordance with rules governing civil procedure, both trial and appellate.[2]
In State v. Weeks[3] it was held that proceedings under Criminal Procedure Rule 1 provide a remedy co-equal with, but actually more expeditious than, post-conviction habeas corpus. At the time the decision *599 was rendered in the Weeks case, it was generally understood by the bench and bar of Florida that because of certain previous decisions rendered by the Supreme Court of Florida, the time for taking an appeal from a final order or judgment entered in a post-conviction habeas corpus proceeding was ninety days as provided by the statute relating to appeals in criminal cases. Only recently, however, the Supreme Court has come to appreciate the error of its prior judgment on this point, and in the case of Crownover v. Shannon[4] has receded from and overruled its previous decisions holding that the appeal time from a final judgment in post-conviction habeas corpus is ninety days.[5] In Crownover the Supreme Court has now taken the unequivocal position that proceedings for post-conviction habeas corpus are collateral attacks of a civil nature upon the validity of a judgment rendered in a criminal case, the time for appealing which is the same as generally allowed on appeals of other cases of a civil nature, which under the present statutes and rules of this state is sixty days, and not the ninety days which previously prevailed.
The procedure to be followed in taking appeals from final orders or judgments in proceedings brought pursuant to Criminal Procedure Rule 1 is the same as that applicable to appeals from final judgments or orders rendered in post-conviction habeas corpus proceedings. It follows that the time limited for taking an appeal from a final judgment or order rendered in a Criminal Procedure Rule 1 proceeding is sixty days from the rendition of the order or judgment appealed.
Since the appeal time for reviewing final judgments or orders rendered in proceedings instituted under Criminal Procedure Rule 1 has been generally recognized to be ninety days, the rule promulgated and announced in this decision shall have prospective application only.
Since this appeal was taken within ninety days from the rendition of the order or judgment appealed, which time was permissible under former decisions relating to this subject, the appeal will not be dismissed but will be considered on its merits for final disposition.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] Roy v. Wainwright, (Fla. 1963) 151 So.2d 825, 828.
[2] State v. Weeks, (Fla. 1964) 166 So.2d 892.
[3] Ibid.
[4] Crownover v. Shannon et al., (Fla. 1964) 170 So.2d 299.
[5] Snell v. Mayo, (Fla. 1955) 80 So.2d 330.