CARROLL, DONALD K., Judge.
The appellee has filed a motion to dismiss this appeal on the ground that the appellants filed too late their notice of appeal from an order denying their motion for post-conviction relief filed pursuant to Florida Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
In considering the appellee’s said motion the sole question for determination is whether the sixty-day period applicable to civil appeals, or the ninety-day period applicable to criminal appeals, applies to appeals from orders denying prisoners’ motions for post-conviction relief filed pursuant to the said Rule No. 1.
Our answer to this question is governed by our revised opinion and judgment in Barton v. State, Fla.App., 176 So.2d 597, opinion filed on June 29, 1965. In that case we concluded from recent decisions of the Supreme Court of Florida that the sixty-day period is applicable to such appeals, citing the decisions in State v. Weeks, 166 So. 2d 892 (1964), and Crownover v. Shannon, 170 So.2d 299 (1964). However, we also pointed out that a year before those decisions were promulgated, our Supreme Court had held that the ninety-day period was applicable to such appeals, which holding had been followed by other Florida courts.
Under these circumstances, in the Barton-case, supra, we felt, in the interest of justice especially since so many of these appeals are being taken by laymen without the benefit of counsel, that our holding that the sixty-day period was applicable, should be given a prospective application only, saying:
“Since the appeal time for reviewing, final judgments or orders rendered in-proceedings instituted under Criminal Procedure Rule 1 has been generally recognized to be ninety days, the rule promulgated and announced in this decision shall have prospective application only.”
In the cause now before us the order-denying the appellants’ motion for post-conviction relief under Criminal Procedure Rule No. 1 was entered by the Circuit Court for Duval County on November 13, 1964. The appellants filed their notice of appeal from that order 87 days later, on February 8, 1965. Their notice was thus filed long before the filing of our revised opinion in the Barton case, supra, on June 29, 1965, and hence they could not fairly be expected to know that the sixty-day period would be held by the courts to be applicable to their-appeal. Accordingly, in line with our disposition of the motion in that case, we hold, here that, since the present appeal was taken within ninety days from the entry of the-order appealed from, which time was permissible under the decisions that had been promulgated before they filed their notice-of appeal, this appeal will not be dismissed! *537 but will be considered on its merits for final disposition.
The motion to dismiss the appeal is denied.
RAWLS, C. J., and STURGIS, J., concur.