PIERCE, Judge.
Odell Blakely, Jr., defendant in the Court below, was charged in an amended information with the offense of manslaughter in the handling of a pistol in such a negligent and reckless manner as to cause the pistol to shoot and kill one Juanita Yant.
Minute entries of the Court below contained in the record here indicate he effectively declined representation by the local public defender tendered him by the Court on June 28, 1965, and did thereupon at said time plead guilty to said charge. On September 20, 1965, defendant was adjudged guilty of the offense of manslaughter and sentenced to serve ten years in the State Prison.
Thereafter, on October 11, 1965, without having previously filed any other motion or pleading subsequent to the adjudication and sentence, defendant filed his motion under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, asking the trial Court to set aside said judgment and sentence and to permit him to withdraw his plea of guilty and that “the cause proceed to trial”.[1] The County Solicitor filed a written response to the motion, whereupon the trial Judge had a full hearing upon the issues raised by the motion and response, and heard testimony under oath from numerous witnesses for the defendant and the State. This was on November 23, 1965. On November 24, 1965, the trial Court entered order denying the motion and relief therein prayed.
On February 11, 1966, defendant filed his notice of appeal to this Court from said order of November 24, 1965. The appeal was perfected and the cause has been fully briefed upon the merits by both sides, the defendant being represented by privately retained, competent counsel, who prepared the motion to vacate and has continued to represent defendant at all times to this date.
We find that we must dismiss this appeal sua sponte because the notice of appeal was filed seventy-nine days after entry of the order appealed from. Appeals from orders denying motions under Rule 1 are governed by the appellate rules pertaining to appeals in civil cases, rather than criminal cases. Thus, appeals must be taken in this class of cases within sixty days from the entry of the order appealed from, rather than ninety days as in a criminal appeal. Where the notice of appeal is filed on a date beyond the time allowed, the appellate processes are not activated. This Court is therefore without jurisdiction. Barton v. State, Fla.App.1965, 176 So.2d 597; State v. Weeks, Fla.1964, 166 So.2d 892; Crownover v. Shannon, Fla.1964, 170 So.2d 299; and Young v. State, Fla.App. *612 1965, 177 So.2d 535. All these cases were decided and the opinions issued prior to the date notice of appeal was filed herein and, in fact, prior to the filing by defendant of his motion to vacate.
Appeal dismissed sua sponte.
LILES, Acting C. J., and HOBSON, J., concur.

. In view of our disposition of the case here, we will not go into the grounds set up in the motion.