THORNAL, Justice. •
By petition for a writ of habeas corpus, we are called upon to consider whether 60 or 90 days should be allowed for taking an appeal from an order denying relief under Criminal Procedure Rule I, F.S.A. ch. 924 Appendix.
The petitioner filed a motion for relief under Rule I, which was denied on July 12, 1965. He filed a notice of appeal from this denial on September 20, 1965. The District Court of Appeal, Second District, initially accepted this appeal. Later, on motion of the State, the appeal was dismissed, 197 So.2d 611, because it was not filed within 60 days from the order denying Rule I relief. The petitioner now contends that he should have been allowed 90 days to appeal and that the District Court erred in its dismissal.
In order to resolve the question presented, we shall briefly trace the chronology of several decisions. In one of our first opinions following the promulgation of Rule I, we state, through obiter dictum, that the appeal time from Rule I denials “shall be that governing criminal appeals,” i. e., 90 days. Roy v. Wainwright, 151 So.2d 825, 828 (Fla.1963). This statement was made in the light of our view that Rule I relief should be governed by the general principles applicable to habeas corpus cases. State v. Weeks, 166 So.2d 892 (Fla.1964). An earlier decision by this Court held that habeas corpus appeals would be controlled by the time allowed for criminal appeals. Snell v. Mayo, 80 So.2d 330 (Fla.1955). In Crownover v. Shannon, 170 So.2d 299 (Fla.1964) we receded from Snell and held that, prospectively, the appeal time in habeas corpus cases would be the same as that allowed in civil cases, i. e., 60 days. Reasoning from the above cases, the First District Court of Appeal held in Barton v. State, 176 So.2d 597 (DCA 1, Fla.App.1965), that the appeal time in Rule I cases should be 60 days. This decision was given prospective application only, because there was ample justification for relying on the 90-day rule which previously prevailed. We cited the Barton opinion with approval in State ex rel. Faircloth v. District Court of Appeal, 194 So.2d 600 (Fla.1966). In the Faircloth decision, we allowed several appeals filed more than 60 but less than 90 days from the Rule I denials, because all the orders denying Rule I relief were entered prior to the effective date of Barton, June 29, 1965. But in Lawrence v. State, 198 So.2d 328 (Fla.1967), we held an appeal was properly dismissed when the order denying Rule I relief was entered on June 30, 1965, one day after Barton, and the notice of appeal was filed on September 10, 1965, more than 60 but less than 90 days from the date of the order.
The effect of the Faircloth and Lawrence decisions was to establish the following rule: the time for taking an appeal from an order denying relief under Rule I was 90 days if the order was entered on or before June 29, 1965, and 60 days if the order was entered after June 29, 1965. *543 Applying this rule to the instant case, it can be seen that the District Court correctly dismissed Rolon’s appeal.
The petition for a writ of habeas corpus is therefore denied.
It is so ordered.
O’CONNELL, C. J., and ROBERTS, CALDWELL and ERVIN, JJ., concur.