PER CURIAM.
We are presented with a petition for certiorari in which the State seeks the re *247 view of a judgment entered by a circuit judge in the exercise of the appellate jurisdiction of the circuit court. The respondent was found guilty in the county court of driving while her license was suspended. She brought a timely appeal to the circuit court from the judgment of the county court. That judgment, which found the appellant guilty as charged, was affirmed by the circuit court; however, in its order of affirmance, the circuit judge went further to state:
* * * 4= * *
“ORDERED that the sentence to pay a fine of $200.00 is affirmed and the sentence to serve 30 days in jail is vacated with the Appellant to attend forthwith D.U.I. Countermeasures of Dade County, Inc. Program in lieu thereof, (see Counter-Measures Procedure hereto attached) and report promptly to the Trial Court upon completion of said program.”
* * * * * *
It is our view that the commendable effort of the circuit judge to reach what he considered a more effective sentence in the case is beyond the scope of the appellate powers of the circuit court. See State v. Atwell, Fla.App.1957, 97 So.2d 125; and Wilkinson v. State, Fla.App.1975, 322 So.2d 620, and authorities cited therein. We, therefore, hold that the quoted section of the trial judge’s order of affirmance constituted a departure from the essential requirements of law.
The portion of the order changing the sentence of the trial court is quashed and the circuit judge is directed to enter an amended order of affirmance eliminating such paragraph.
It is so ordered.