412 So.2d 49 (1982)
STATE of Florida, Appellant,
v.
W.A.M., a Child, Appellee.
No. 81-249.
District Court of Appeal of Florida, Fifth District.
April 7, 1982.
*50 Jim Smith, Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Thomas R. Mott, Asst. Public Defender, Daytona Beach, for appellee.

REVISED
COWART, Judge.
This is an appeal by the State of Florida from an order of the juvenile court discharging the appellee from further prosecution as a juvenile under the authority of Florida Rule of Juvenile Procedure 8.180, the juvenile "speedy trial" rule.
There is a question as to whether the State may take this appeal because no statute or rule authorizes it.
Article V, § 4(b)(1), Florida Constitution (1972), provides in part:
District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court. (emphasis supplied)
The emphasized language would appear at first to be a mere parenthetical phrase describing the appeals which district courts have jurisdiction to hear, implying that the grant of rights to take appeals would be found in statutory law. However, the constitutional provision formerly relating to the jurisdiction of district courts of appeal, Article V, § 5(3), Florida Constitution (1956), provided in part as follows:

Appeals from trial courts in each appellate district, ... may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court. (emphasis supplied)
This earlier provision clearly described the jurisdiction of the district courts of appeal as a corollary of a grant of the right to appeal final judgments. The Supreme Court of Florida held in Crownover v. Shannon, 170 So.2d 299 (Fla. 1964) that this provision of the constitution describing the jurisdiction of the district court granted a right of appeal as a matter of course. In Crownover it was said that:
The right to appeal from the final decisions of trial courts to the Supreme Court and to the District Courts of Appeal has become a part of the Constitution and is no longer dependent on statutory authority or subject to be impaired or abridged by statutory law... .
Notwithstanding the substantial difference in language between the former constitutional provision considered in Crownover and the present provision relating to the jurisdiction of district courts of appeal, we do not believe such changes were intended to eliminate the right of appeal from final judgments. Therefore, we hold that the State does have a constitutional right of appeal from final judgments[1] in juvenile cases.
An order discharging a defendant on speedy trial grounds is a final order. *51 State v. Wise, 336 So.2d 3 (Fla. 4th DCA 1976); State v. Johnson, 287 So.2d 322 (Fla. 3d DCA 1974); State v. Mims, 267 So.2d 52 (Fla. 1st DCA 1972).
In this case, the juvenile was not brought to an adjudicatory hearing within the time provided by Florida Rule of Juvenile Procedure 8.180(a). However, within the time provisions of that rule, the juvenile sought and obtained a continuance and the State argues that by such actions the juvenile waived his speedy trial (adjudicatory hearing) rule rights, by analogy to the similar and familiar opinions holding that a defendant waives his right under Florida Rule of Criminal Procedure 3.191 by moving for and obtaining a continuance. Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980); State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla. 1971); State v. Bufford, 383 So.2d 928 (Fla. 5th DCA 1980). We agree and hold that discharging appellee was error because he had waived his rule rights by moving for a continuance of his adjudicatory hearing and because he has demonstrated no violation of his constitutional speedy trial rights.
REVERSED and REMANDED for further proceedings.
COBB and SHARP, JJ., concur.
NOTES
[1] As to interlocutory appeals in juvenile cases, see In re R.J.B., D.J.P. and D.A.D., 408 So.2d 1048 (Fla. 1982).