ON MOTION TO DISMISS
NESBITT, Judge.
The state appeals from the trial court’s dismissal of a petition for delinquency because of a violation of the juvenile’s constitutional right to a speedy trial. The juvenile seeks dismissal of the appeal on the basis that the state does not have the right to appeal such an order. We agree.
The state, in support of its contention that it may appeal the order presently under review, cites State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA), pet. for review denied, 419 So.2d 1201 (Fla.1982), holding that the state has a constitutional right of appeal from an order discharging the juvenile on speedy trial grounds. W.A.M., supra, relied upon dictum from Crownover v. Shannon, 170 So.2d 299 (Fla.1964), in which the court held that habeas corpus is a civil proceeding subject to the time limitations for civil ap *787 peals.[1] The court, in Crownover, proceeded to observe that prior to 1957 when the district courts of appeal were created, the Constitution did not provide the procedure for invoking the jurisdiction of the supreme court, but rather left such matters to the legislature. This was changed by the amendments to Article V of the Constitution which included the following provision concerning the district courts of appeal’s jurisdiction:
Appeals from trial courts in each appellate district . .. may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court.
Art. V, § 5(3), Fla. Const. (1957).
This section “lays down a sufficient rule by means of which the right or purpose which it gives or is intended to accomplish may be determined, enjoyed, or protected without the aid of legislative enactment,” Gray v. Bryant, 125 So.2d 846, 851 (Fla. 1960), and therefore, it is self-executing. See State v. Harris, 136 So.2d 633 (Fla.1962) (holding that the constitutional provision authorizing the supreme court to review conflicting decisions of the district courts is self-executing). By definition, then, no statute was necessary to breathe life into the constitutional section authorizing appeals. As a necessary corollary, the jurisdiction conferred upon the court by the constitution could not be diminished nor enlarged by an act of the legislature. See Warren v. State, 174 So.2d 429 (Fla. 1st DCA 1965). Accordingly, we would agree with the dictum in Crownover to the effect that:
The right to appeal from the final decisions of trial courts to the Supreme Court and to the District Courts of Appeal has become a part of the Constitution and is no longer dependent on statutory authority or subject to be impaired or abridged by statutory law, but of course subject to rules promulgated by the Supreme Court regulating the practice and procedure.
170 So.2d at 301.
Since the jurisdictional provision makes no distinction between the state’s right to appeal and any other party litigant’s, the state should enjoy the same rights as all others, with the obvious exception of the double jeopardy bar.[2] The court concluded, in W.A.M., supra, that although there have been changes in the constitution since the 1957 amendment relied on in Crownover, supra,[3] the state’s constitutional right to appeal remains intact.
Notwithstanding the foregoing arguments in favor of the state’s right to appeal, the First District, in State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976), held that the right of the state to appeal from a final judgment in a criminal case is entirely statutory in nature.[4] Accord State v. C.C., *788 (Fla. 3d DCA) (Case Nos. 81-2564, 82-666, 82-797, 82-1825, opinion filed March 24, 1983). Without a discussion of the constitutional changes, the court, in Brown, supra, relied upon the supreme court decision thirty years earlier in Whidden v. State, 159 Fla. 691, 32 So.2d 577 (1947), which stated that the right of the state to appeal from final judgments in criminal cases was entirely statutory. While we find that these amendments alter the rule stated in Whidden, supra, we are compelled to follow that decision until the supreme court rules otherwise. Hoffman v. Jones, 280 So.2d 431 (Fla.1973). We recognize that we are in conflict with W.A.M., supra.
Turning then to the present case, it is readily apparent that Section 39.14, Florida Statutes (1981) has not legislatively conferred upon the state the right to appeal a juvenile’s discharge for a speedy trial violation. Consequently, we agree with the defendant that the state has no right to appeal the juvenile’s discharge on constitutional speedy trial grounds.
Both parties seem to be in agreement that because there is no right to appeal we may elect to treat the present notice of appeal as a petition for common law certiorari. An historical overview of the development of the common law writ of certiorari[5] leads us to conclude that the state may not utilize the petition to seek review of a final judgment in a criminal case not otherwise appealable.
Prior to the 1957 constitutional amendment, the power of the supreme court included the power:
to issue writs of mandamus, certiorari, prohibition, quo warranto, habeas corpus and also all writs necessary or proper to the complete exercise of its jurisdiction.
Art. V, § 5, Fla. Const. (1885). The power to issue writs of certiorari, and in appropriate cases, writs of prohibition or mandamus, enabled the supreme court to exercise supervisory jurisdiction over inferior courts. Mutual Ben. Health & Accident Ass’n v. Bunting, 133 Fla. 646, 183 So. 321 (1938).
Thus, even though prior to 1957 the constitution vested the circuit court with final appellate authority, the supreme court had jurisdiction, on certiorari, to review the circuit court’s determinations. State v. Andres, 148 Fla. 742, 5 So.2d 7 (1941). This supervisory power was not a second appeal, see Benton v. State, 74 Fla. 30, 76 So. 341 (1917), but rather was limited to a determination of:
whether the judgment sought to be reviewed is illegal or is essentially irregular or prejudicial and materially harmful to the party duly complaining; to the end that the commands, prohibitions and limitations of controlling law may prevail in the administration of the law.
Mutual Ben. Health & Accident Ass’n v. Bunting, supra, at 325. Stated another way, the supreme court’s power of review by certiorari extended to final proceedings of inferior courts:
when they proceed in a cause without jurisdiction, or when their procedure is essentially irregular and not according to the essential requirements of law and when no appeal or direct method of reviewing the order or proceedings exists.
Cacciatore v. State, 147 Fla. 758, 3 So.2d 584, 586 (1941) and cases cited therein.
Under the 1957 amendment, the supreme court’s jurisdiction to review final judgments by certiorari was limited to the issuance of writs necessary or proper to the exercise of its jurisdiction. Art. V, § 4(2), Fla. Const. (1957).[6] However, the district courts of appeal were given the power to:
*789 issue writs of mandamus, certiorari, prohibition, and quo warranto, and also all writs necessary or proper to the complete exercise of its jurisdiction.
Art. V, § 5(3), Fla. Const. (1957). Thus, the appellate courts, at their inception, were given jurisdiction to issue writs of certiora-ri. With respect to that jurisdiction, the supreme court stated:
[T]his Court [supreme court] no longer has extensive power to issue so-called “common law writs of certiorari” to review judgments of lower courts. This power is now vested in District Courts of Appeal and Circuit Courts, by Article V, Section 5 and 6, Florida Constitution. In situations in which review of a judgment or decree of a lower court is not otherwise provided for, the District Courts of Appeal are endowed with powers of review limited to a determination of whether the judgment constitutes a deviation from the essential requirements of the law. In a general way, this is the type of so-called common-law certiorari power exercised by this Court prior to the effective date of amended Article V, on July 1, 1957.
Robinson v. State, 132 So.2d 3, 5 (Fla.1961), rev’d on other grounds, 378 U.S. 153, 84 S.Ct. 1693, 12 L.Ed.2d 771 (1964). Utilizing this limited jurisdiction, the district courts have often reviewed decisions of the lower court sitting in its appellate capacity. See, e.g., State v. Mobley, 133 So.2d 334 (Fla. 2d DCA 1961), quashed on other grounds, 143 So.2d 821 (Fla.1962); State v. Katz, 108 So.2d 60 (Fla. 3d DCA 1959), State v. Staley, 97 So.2d 147 (Fla. 2d DCA 1957); State v. Atwell, 97 So.2d 125 (Fla. 2d DCA 1957).
Having examined the historical underpinnings of the district courts’ power of certiorari, we conclude that the courts’ review by certiorari of final judgment is limited to the supervisory review of a decision of a lower court sitting in its appellate capacity where the circuit court has departed from the essential requirements of law.[7]’[8] Nellen v. State, 226 So.2d 354 (Fla. 1st DCA 1969); see also Lee v. State, 374 So.2d 1094 (Fla. 4th DCA 1979), Fla.R.App.P. 9.030(b)(2)(B). Where the court has a jurisdictional limitation to the consideration of the appeal from a final judgment; certiora-ri may not be used to circumvent that limitation. State v. Brown, supra; Nellen v. State, supra; Couse v. Canal Authority, 197 So.2d 841 (Fla. 1st DCA 1967), cert. discharged, 209 So.2d 865 (Fla.1968). We recognize that we are in conflict with several of our sister courts which have adopted a more expansive interpretation of the petition for certiorari,[9] but in light of the foregoing, we decline to follow their lead.
*790 In the present case, the state seeks a petition of certiorari of a lower court order sitting in its trial capacity. Clearly, such a ruling is not within our purview to supervise and accordingly, we decline to do so.
Because we find that both issues which we have decided by this opinion are of great public importance, pursuant to Article V, Section 3(b)(4) of the Florida Constitution (1980), we certify[10] the following questions:
Are the provisions of Article V, Section 4(b)(1) of the Florida Constitution (1980) self-executing so as to afford the state the right to appeal from a final judgment in a criminal case the same as any other party litigant except where an appeal would be futile under applicable principles of double jeopardy?
If the answer to the first question is in the negative, may the district court of appeal utilize the common law writ of certio-rari to review the final judgment assuming the elements of the writ are satisfied?
This opinion is final upon its release and no petition for rehearing will be entertained.
Appeal dismissed.

. Since habeas corpus is a civil proceeding, we must wonder about the necessity of including Section 924.07(6), Florida Statutes (1981) as a basis for a state appeal in a criminal case.

. In State v. Harris, supra, the court, after concluding that the constitution was self-executing, recognized that the legislature could not limit the constitutionally-conferred authority of the court to entertain petitions for certiorari. Without explaining the distinction, the court then stated that “we have no doubt that it can restrict the state in seeking review by certiorari of adverse decisions in criminal cases just as it has limited its right to appeal through Section 924.07.” supra at 634. If indeed the constitution is self-executing, we do not understand this contradictory statement in Harris since, by definition then, little or no legislative interference would be permissible.

. Article V, Section 4(b)(1)-of the Florida Constitution (1980) provides in part:
District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court.

. The situation is different in the area of interlocutory appeals for which Article V, Section 4(b)(1) of the Florida Constitution (1980) provides, in pertinent part:
They [district courts of appeal] may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court.
Accordingly, there must be a rule enacted by the supreme court in order to invoke this *788 court’s jurisdiction to review interlocutory orders. See State v. Smith, 260 So.2d 489 (Fla. 1972); In the Interest of R.J.B. v. State, 408 So.2d 1048 (Fla.1982).

. The use of certiorari to obtain review of an interlocutory order is not considered in this opinion.

. The amendment was intended to define and confine the powers and jurisdiction of the supreme court in order to avoid the danger of the district courts of appeal becoming way stations on the road to the supreme court. Lake v. Lake, 103 So.2d 639 (Fla. 1958), overruled on other grounds, Foley v. Weaver Drugs, Inc., *789 177 So.2d 221 (Fla.1965). Nevertheless, the supreme court on occasion has utilized the “all writs” provision to issue the “common law” writ of certiorari. See 3 Fla.Jur.2d Appellate Review § 462 (1978).

. The supreme court, in State v. Harris, supra at 634 made the statement that Section 924.07, Florida Statutes (1961):
deals only with direct appeals in criminal proceedings and clearly does not and was not intended to proscribe the authority of the state to seek either common law certiorari now exercised by the district courts or constitutional certiorari of the variety now exercised by this court.
While it appears to support a more expansive review by certiorari, Harris and the cases cited therein all involve the supervisory power of a higher court over an inferior court of final appellate jurisdiction.

. The constitutional provision regarding the certiorari jurisdiction of the district courts has changed. In its present form it states:
A district court of appeal may issue writs of mandamus, certiorari, prohibition, quo war-ranto, habeas corpus, and also all other writs necessary to the complete exercise of its jurisdiction. (language added is underscored and language deleted is printed in struck through type).
Art. V, § 4(b)(3), Fla. Const. (1980). This does not alter the result which we reach today because, at best, it provides for a more restrictive jurisdiction by certiorari than that provided under the 1957 version.

. Without reason or authority, the courts, in State v. Williams, 237 So.2d 69 (Fla. 2d DCA 1970), State v. Wilcox, 351 So.2d 89 (Fla. 2d DCA 1977), State v. Gibson, 353 So.2d 670 (Fla. 2d DCA 1978), State v. Farmer, 384 So.2d 311 (Fla. 5th DCA 1980), determined that certiorari was the proper remedy where the state had no right to appeal.

. But for the fact that this court, in State v. C.C., supra, has recently decided this issue, we would have certified the trial court order to the supreme court for immediate resolution pursuant to Article V, Section 3(b)(5), Florida Constitution (1980).