BOYD, Chief Justice,
dissenting.
This cause is before the Court on petition for review of the decision of the district court of appeal in State v. G.P., 429 So.2d 786 (Fla. 3d DCA 1983). Because the decision passed upon questions certified by the district court to be of great public importance, we have jurisdiction to provide the requested review. Art. V, § 3(b)(4), Fla. Const.
This proceeding was begun by the filing of a petition seeking to have respondent G.P. adjudicated delinquent, based on the allegation that respondent had committed an act which, if committed by an adult, would be considered a crime under the laws of Florida. The charged offense or delinquent act in question, as determined by the factual allegations of the petition, was second-degree grand theft.[1] After the child *1274 was taken into custody, the office of the state attorney and officers of the state Division of Youth Services agreed to allow the child to participate in a program diverting the case from prosecution for juvenile delinquency and providing for a plan of restitution and supervision. After the filing of the juvenile delinquency petition, the various documents relating to the agreed plan of treatment were filed, apparently including a waiver of speedy trial. There followed two separate petitions alleging violations of the plan of treatment, and eventually the case was set for trial of the charge of delinquency and the allegations of violation of the plan. Upon the child’s filing of a motion for discharge for violation of his right to a speedy trial, under the Juvenile Justice Act, chapter 39, Florida Statutes (1981), the juvenile court found that although the child’s statutory and procedural rights to a speedy adjudication were not violated, the delay in bringing the matter to trial offended against the child’s constitutional right to be brought to trial speedily. The trial court ordered the juvenile discharged and the state appealed.
The juvenile moved to dismiss the state’s appeal on the ground that the state was not entitled to take an appeal from a final order of the circuit court sitting in its capacity as juvenile court. The district court noted the arguments of the juvenile that the state’s right to appeal is purely statutory and that the Juvenile Justice Act, in section 39.14, Florida Statutes (1981), while it provided for appeal by any child, parent or custodian affected by an order of the juvenile court, did not provide a similar appeal right to the state. The court of appeal agreed with these arguments and concluded that the state was not entitled to appeal an adverse juvenile court ruling. The district court further held that review by certiorari was not available to the state as a means of challenging the trial court’s order, reasoning that the certiorari jurisdiction of the district courts of appeal was limited to provide review of decisions of the circuit courts only when sitting in their appellate capacity.
The district court of appeal certified that two questions of great public importance were presented by the case:
Are the provisions of Article V, Section 4(b)(1) of the Florida Constitution (1980) self-executing so as to afford the state the right to appeal from a final judgment in a criminal case the same as any other party litigant except where an appeal would be futile under applicable principles of double jeopardy?
If the answer to the first question is in the negative, may the district court of appeal utilize the common law writ of certiorari to review the final judgment assuming the elements of the writ are satisfied?
State v. G.P., 429 So.2d at 790.
I note that although the district court held that the Juvenile Justice Act was the source to which to look for statutory authority for an appeal by the state, the first certified question refers to “the right to appeal from a final judgment in a criminal case,” thus implicitly recognizing the comparability of criminal and juvenile cases when the state is affected by an adverse final order and seeks to appeal.
One of the state’s arguments is that section 924.07, Florida Statutes (1981),[2] provid *1275 ing for appeals by the state from various adverse final orders and judgments in criminal cases, also applies when the state is adversely affected by a final order in a juvenile delinquency proceeding. Implicit in the state’s argument is the further argument that section 924.07(1), providing for an appeal by the state from an order dismissing an indictment or information, encompasses an order discharging a criminally accused person on grounds of violation of the right to speedy trial. It is clear that such an order in a criminal case is applicable pursuant to the cited statutory authority. The state argues that section 924.07(1) applies as well in juvenile delinquency proceedings because such proceedings are analogous to criminal prosecutions and are in the nature of a criminal prosecution.
I agree with this argument of the state and would hold that the state’s right of appeal in criminal cases; conferred by section 924.07, also applies in juvenile delinquency cases. Where section 924.07 explicitly provides that the state may appeal an adverse final judgment or order of a trial court in a criminal case, it impliedly confers such an appeal right with respect to any analogous or corresponding final judgment or order in a juvenile delinquency case.
In response to the first certified question, I would say that it is not the constitution that confers the right of appeal in this case. State v. Creighton, 469 So.2d 735 (Fla.1985). The state’s right of appeal is a matter of general law. It has been provided for by the legislature in section 924.07. I find the statute is applicable here and would so hold.
Under my view of the case, we need not answer the question pertaining to certiorari review because I would hold that the state has a right to appeal in this case. I would reserve judgment on that question. I would quash the decision of the district court of appeal and remand the case to that court with directions to provide the appellate review to which the state is entitled.
ALDERMAN and EHRLICH, JJ., concur.

. § 812.014(1), (2)(b)l., Fla.Stat. (1979).

. Sections 924.07 and 924.071, Florida Statutes (1981), provide as follows:
924.07 Appeal by state. — The state may appeal from:
(1) An order dismissing an indictment or information or any count thereof;
(2) An order granting a new trial;
(3) An order arresting judgment;
(4) A ruling on a question of law when the defendant is convicted and appeals from the judgment;
(5) The sentence, on the ground that it is illegal;
(6) A judgment discharging a prisoner on habeas corpus;
(7) An order adjudicating a defendant insane under the Florida Rules of Criminal Procedure; or
(8) All other pretrial orders, except that it may not take more than one appeal under the subsection in any case.
Such appeal shall embody all assignments of error in each pretrial order that the state seeks to have reviewed. The state shall pay *1275 all costs of such appeal except for the defendant’s attorney’s fee.
924.071 Additional grounds for appeal by the state; time for taking; stay of cause.—
(1) The state may appeal from a pretrial order dismissing a search warrant, suppressing evidence obtained by search and seizure, or suppressing a confession or admission made by a defendant. The appeal must be taken before the trial.
(2) An appeal by the state from a pretrial order shall stay the case against each defendant upon whose application the order was made until the appeal is determined. If the trial court determines that the evidence, confession, or admission that is the subject of the order would materially assist the state in proving its case against another defendant and that the prosecuting attorney intends to use it for that purpose, the court shall stay the case of that defendant until the appeal is determined. A defendant in custody whose case is stayed either automatically or by order of the court shall be released on his own recognizance pending the appeal if he is charged with a bailable offense.