226 So.2d 354 (1969)
Jacquelyn L. NELLEN, Carolyn J. Austin, Victoria L. Fulton, Penelope J. Griesinger, and Albert W. Teebagy, Petitioners,
v.
STATE of Florida, Respondent.
No. M-43.
District Court of Appeal of Florida. First District.
September 11, 1969.
Maurice Wagner, Holly Hill, for petitioners.
Earl Faircloth, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for respondent.

ON MOTION TO DISMISS
WIGGINTON, Judge.
Petitioners have filed in this court their petition seeking a common law writ of certiorari to review an order by Honorable J. Robert Durden, County Judge of Volusia County, rendered in his capacity as a committing magistrate of that county.
Petitioners were arrested in Volusia County on a warrant charging them with the unlawful possession of marijuana and barbiturates. A preliminary hearing was held by the respondent, County Judge J. Robert Durden, in his capacity as a committing magistrate of Volusia County. At the conclusion of the hearing respondent rendered an order finding that the offenses with which petitioners are charged appear to have been committed, and there is probable cause to believe that the defendants *355 were guilty thereof. Based upon this finding the court ordered that petitioners be bound over to the Felony Court of Record of Volusia County, Florida, for trial.
Some seven days after rendition of the foregoing order petitioners filed a pleading entitled "Motion to Vacate Order Re Hearing and Disqualification of Judge for Prejudice." This pleading was supported by affidavits purporting to show that respondent County Judge was prejudiced against counsel representing petitioners to such an extent that they were deprived of a fair and impartial preliminary hearing. The motion prayed that the order finding probable cause and binding them over to the Felony Court of Record for trial be vacated and set aside, and that the Judge enter an order disqualifying himself in any further proceedings of the cause. After a hearing held before the court on petitioners' motion, an order was rendered finding that the motion for rehearing and disqualification was filed more than four days after rendition of the order finding probable cause and binding petitioners over for trial. Upon such finding the court struck the motion of petitioners. It is this order which petitioners seek to have reviewed and quashed in this proceeding.
The case is now before the court on the motion of the Attorney General representing the respondent County Judge and the State of Florida, seeking dismissal of the petition on the ground that this court lacks jurisdiction to review by certiorari an order rendered by a county judge sitting in the capacity of a committing magistrate in a criminal proceeding.
It is generally recognized that common law certiorari is in the nature of an appellate process which provides a method of obtaining review of an inferior court's order or judgment, as contrasted to a collateral assault on such judicial act.[1] The superior court, in issuing its writ of certiorari, is acting in the exercise of its supervisory jurisdiction over the inferior court with respect to whose orders and judgments it has the ultimate right of appellate review. As said by Ferris in his treatise on the subject of "Certiorari":
"While certiorari is used in the exercise of a superior court's supervisory jurisdiction, it is not to be confounded with its appellate jurisdiction, and the court is restricted, on certiorari, to examination into the external validity of the proceedings had in the lower court; it cannot inquire into the extrinsic correctness of the judgment, as on appeal, except to ascertain that the judgment is invalid because the essential forms of the law have not been observed, or that the court had no jurisdiction. * * *"[2]
The author of American Jurisprudence, in his discussion of the nature and office of the writ of certiorari, has said:
"The judgment of the court in certiorari affects only the validity of the record. That is, its judgment determines whether the record is valid or invalid. Moreover, on a certiorari, in the absence of statutory enlargement, only the external validity of the proceedings had in the lower court may be examined by the superior court under its supervisory jurisdiction; the supervisory jurisdiction of the court cannot be exercised in order to review the judgment as to its intrinsic correctness, either on the law or the facts of the case."[3]
From the foregoing we conclude and so hold that the common law writ of certiorari is issuable only by those courts which are vested by law with supervisory appellate jurisdiction over the decisions of the court whose order is challenged and for which certiorari review is sought.
*356 The order sought to be reviewed in the proceeding sub judice was rendered in a criminal case by a county judge while acting in the exercise of his power as a committing magistrate under the constitution of this state.[4] The nature of the order sought to be reviewed is one which struck petitioners' motion for rehearing seeking an order setting aside a bind over order theretofore rendered by the court on the ground that such order resulted from bias and prejudice on the part of the judge toward petitioners' counsel, and for an order disqualifying respondent judge on the ground of prejudice. The Florida Rules of Criminal Procedure provide that the ruling of a judge made in response to a motion seeking his disqualification on any of the grounds recognized by the rule, including that of prejudice, may be reviewed by the appellate court as are other rulings of the trial court.[5]
The question with which we are immediately confronted is what court has appellate jurisdiction to review the order here challenged which constituted a ruling on petitioners' motion seeking the disqualification of respondent judge. The answer to this question will point to the court having supervisory appellate jurisdiction over the order here assaulted, and will be the court vested by law with jurisdiction to issue the writ of certiorari prayed for in this petition.
Section 6(3), Article V, of the Constitution of the State of Florida, F.S.A., provides that:
"* * * The circuit courts shall have * * * final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges' courts * * *. The circuit courts and judges shall have power to issue writs of * * * certiorari, * * and all writs necessary or proper to the complete exercise of their jurisdiction."
It is our interpretation of the foregoing constitutional provision that the decision of a county judge rendered in a criminal case before his court is reviewable by appeal only to the circuit court of the county in which the county judge's court is located. Since the action of a county judge sitting in the capacity of a committing magistrate rendered in a criminal case properly before him is reviewable by appeal, if at all, only in the circuit court of the county in which the case is heard, it is our view that only the circuit court has jurisdiction to review by writ of certiorari an order or judgment of such an official rendered as a committing magistrate. The fact that the criminal offense with which petitioners are charged will ultimately be tried in the Felony Court of Record and not the Circuit Court is immaterial. We therefore agree with the position of respondent that this court lacks jurisdiction to review the order in question by common law writ of certiorari, and the motion to dismiss the petition is therefore granted.
We have considered the possibility of an alternative course of action which would entail transferring this case to the Circuit Court of Volusia County for consideration and disposition pursuant to the authority of Rule 2.1, subd. a(5) (d), F.A.R., 32 F.S.A.,[6] on the ground that the jurisdiction of this court had been improvidently invoked. Upon further reflection, however, we have concluded that such alternative procedure involving transfer rather *357 than dismissal of the case is not available because the proceeding now before us is not an appeal from an inferior court, but is a case of original jurisdiction filed directly in this court.
The motion of respondent is granted, and the petition shall stand dismissed.
JOHNSON, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] 14 Am.Jur.2d 778, Certiorari, § 2.
[2] Ferris, The Law of Extraordinary Legal Remedies 180, § 158 (1926).
[3] 14 Am.Jur.2d 779, Certiorari, § 2.
[4] Art. V, § 7(3), Constitution of Florida.
[5] Rule 1.230(e), Fla.Rules of Criminal Procedure, 33 F.S.A.
[6] "When the jurisdiction of an appellate court has been improvidently invoked, that court may of its own motion or on motion of either party to the cause enter an order transferring it to the court having jurisdiction. Five days' notice of proposed action shall be given to the other parties. Notices of appeal and other papers filed prior to the transfer shall have the same force and effect as if filed in the proper court and as of the time when filed in the court from which the transfer was made."