374 So.2d 1094 (1979)
Kay A. LEE, Petitioner,
v.
STATE of Florida, Respondent.
No. 79-814.
District Court of Appeal of Florida, Fourth District.
August 29, 1979.
*1095 Lawrence U.L. Chandler of Hamilton, James, Merkle & Young, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Mary E. Marsden, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Petitioner seeks a Writ of Certiorari to the Circuit Court to review an order affirming a traffic court conviction of careless driving, a traffic infraction. We have jurisdiction under Florida Rule of Appellate Procedure 9.030(b)(2)(B). We grant certiorari and quash the order appealed.
As has been often stated our jurisdiction to review orders of the circuit court acting in its appellate capacity is limited to cases in which the circuit court departed from the essential requirements of law. Dresner v. City of Tallahassee, 164 So.2d 208 (Fla. 1964).
In Dresner it was said:
"Florida has consistently held that an adverse judgment reached in the face of a total lack of evidence constitutes a deviation from the essential requirements of the law. When such a judgment is not otherwise reviewable by appeal, it may be reached by a common law writ of certiorari issued by the appropriate court. The scope of review is limited to an exploration of the record to ascertain whether supporting evidence is totally lacking." (Id. at 211).
Petitioner Lee was charged with careless driving and at her traffic hearing, which was reported by a court reporter and conducted by a Palm Beach County judge, there was absolutely no evidence the petitioner was involved in the matter. The following is a verbatim recount of the entire record of the trial in this matter:
MR. CHANDLER: Good afternoon, Your Honor.
My name is Lawrence Chandler. I'm here on behalf of Kay Lee. We will not be putting on any evidence, Judge.
(Whereupon, all prospective witnesses were duly sworn by the Court.)
THE COURT: Trooper Rondone.
TROOPER RONDONE: Your Honor, I was sent to the scene of a motor vehicle accident on Forest Hill Boulevard, approximately one-tenth of a mile west of State Road 809 in Palm Beach County. On March 4th, it was a Saturday afternoon, approximately three-thirty, I was dispatched. When I arrived I found two vehicles in the eastbound lane. The first vehicle was a '75 Ford Pickup, with rear-end damage, and the other vehicle was a '69 Mercury, with heavy front-end damage. Both of them finally rested, after collision.
THE COURT: What was the weather condition?
TROOPER RONDONE: It was a clear, bright day.
THE COURT: Was there any skid marks?
TROOPER RONDONE: No, Your Honor.
THE COURT: Okay.
Do you want to ask him any questions?
CROSS EXAMINATION
BY MR. CHANDLER:
Q. You didn't see the accident?
A. No.
THE COURT: What is your name, sir?
THE WITNESS: Juan Diaez (phonetic).
THE COURT: Were you present when this happened?

*1096 THE WITNESS: I was the one driving the pickup truck. I was seated by the other driver.
THE COURT: Did you see the other vehicle before the accident?
THE WITNESS: The other vehicle was the one that hit me in the rear.
THE COURT: Did you see it before the collision?
THE WITNESS: No.
THE COURT: Okay. What happened? You just tell me.
THE WITNESS: Well, it was heavy traffic, mostly bumper-to-bumper. I sped ahead. When I stopped, the other vehicle just hit me in the rear.
THE COURT: Okay. Do you want to ask him any more questions?
CROSS EXAMINATION
BY MR. CHANDLER:
Q. You say it was heavy traffic.
A. Yes.
Q. This was also within the city limits wasn't it?
A. Yes.
Q. Where the speed limit is 20 or 30?
A. Yes, sir.
Q. Okay. No further questions.
THE COURT: Do you have anything to present?
MR. CHANDLER: No, Your Honor.
THE COURT: Okay. I will find she is guilty of the offense of Careless Driving and order she attend Defensive Driving School.
MR. CHANDLER: May I point out to the Court that all we have here is frontend and rearend damage.
THE COURT: Well, I gave you an opportunity to make an argument and you waived it, so we we'll go ahead with the next next case. You have a record here if you would like to appeal.
* * * * * *
It is appropriate to quote the words of Judge McNulty from Clermont Marine Sales, Inc. v. Harmon, 347 So.2d 839 at 841 (Fla. 2d DCA 1977):
"The net result of oversight of such error of each of the two courts below, critically the oversight by the circuit court in the present posture of the case, was effectively to deny petitioner of its day in court. Such oversight thus constituted the departure from the essential requirements of law necessary for common law certiorari, and the irrevocability of prejudice in the premises is obvious."
We agree that certiorari should not be available for the purpose of affording a second appeal, Kennington v. Gillman, 284 So.2d 405 (Fla. 1st DCA 1973). Were it otherwise the unsuccessful litigant in County Court would, in practical effect, have two appeals while some other litigant in circuit court, a tribunal of greater importance, would have but one. Flash Bonded Storage Co. v. Ades, 152 Fla. 482, 12 So.2d 164 (1943). Accordingly non-fundamental errors cannot constitute a vehicle for invoking certiorari even though the error should have been reversed on appeal to the Circuit Court. Gulf Cities Gas Corporation v. Cihak, 201 So.2d 250 (Fla. 2d DCA 1967). It is only where the petitioner has been exposed to an error so flagrant as to constitute a departure from the essential requirements of the law that we will entertain the petition. Clermont Marine Sales, supra.
The violation here is flagrant for there is not one iota of evidence as to the defendant's involvement in this traffic accident. This being so she has been denied fundamental due process.
The circuit court order affirming the traffic court conviction is quashed and this cause remanded to the circuit court for entry of an order reversing the traffic court conviction and directing the discharge of the petitioner.
Writ of Certiorari ISSUED.
LETTS, BERANEK, JJ., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.