SHARP, Judge,
dissenting.
I dissent in this case because I would find we have jurisdiction[1] to review the circuit court’s appellate judgment[2] reversing a county court’s conviction of DuPont for violation of a “traffic infraction” — driving seventy-five (75) miles per hour in a fifty-five (55) mile per hour zone.[3] DuPont failed to appear personally before the trial court, and he failed to file an affidavit of defense, as is required by Florida Rule of Traffic Court 6.340(c).
Rule 6.340 provides that a non-resident motorist charged with a traffic infraction may “file a written statement setting forth facts justifying the filing of an affidavit of defense or file an affidavit of defense directly if practicable upon posting a reasonable bond set by the official.” The affidavit of defense may be accepted at the hearing as a denial or an admission of the infraction, or as an appearance denying its commission, if no mandatory hearing is required. In contrast, the Rule provides that a motorist may admit the offense by appearing personally or through his attorney, or by filing the affidavit. There is no provision for appearing through an attorney only, without filing an affidavit, (which may constitute an “appearance”) if the motorist chooses to deny the charge.
When DuPont failed to appear personally, and also failed to file an affidavit of defense, and DuPont’s attorney sought to deny the charge, the trial court should not *441 have proceeded further in this matter. DuPont filed a “waiver of appearance” pursuant to Florida Rule of Criminal Procedure 3.180(c) and then, through the appearance of his attorney only,'sought to contest the charge. It is clear that Rule 3.180(c) only applies to Part III of the Traffic Rules entitled “Criminal Offenses”[4] and a violation of section 316.183, Florida Statutes (1979) (with which DuPont was charged) is not a “criminal traffic offense.”[5] The traffic infraction involved in this case was “decriminalized” by section 318.14(1), Florida Statutes (1979).
The circuit court in reversing DuPont’s conviction must have erroneously applied Rule 3.180(c) to these proceedings. The application of a Criminal Rule of Procedure to a “civil” one is in my opinion a departure from “the essential requirements of the law.”[6]

. Fla.R.App.P. 9.030(b)(2)(B).

. Fla.R.App.P. 9.030(c)(1)(A).

. § 316.183(2), Fla.Stat. (1979).

. Fla.R.Traf.Ct. 6.220.

. § 318.12, Fla.Stat. (1979) and Fla.R.Traf.Ct. 6.040.

. Lee v. State, 374 So.2d 1094 (Fla. 4th DCA 1979); Clermont Marine Sales, Inc. v. Harmon, 347 So.2d 839 (Fla. 2d DCA 1977); State v. Smith, 118 So,2d 792 (Fla. 1st DCA 1960).