PER CURIAM.
The petitioner Jackie M. Jantzen seeks certiorari review of an order of the circuit court affirming, in its appellate capacity, a county court conviction for remaining in a building or structure for the purpose of prostitution, lewdness or assignation [§ 796.07(3)(c), Fla.Stat. (1981)]. We have jurisdiction to entertain this petition. Art. Y, § 4(b)(3), Fla. Const.
A petition for a writ of certiorari plainly lies in this case as the two essential requirements for certiorari relief are present herein. First, the petitioner has no adequate remedy by appeal from the order under review because no appeal of any kind lies from said order. Second, the said order constitutes a departure from essential requirements of law. There is utterly no evidence in this record — and the state makes no contention to the contrary — which remotely establishes an essential element of the crime charged, namely, that the petitioner Jantzen, while remaining in a certain health spa as a masseuse, did so, “for the purpose of prostitution, lewdness, or assignation.” § 796.07(3)(c), Fla.Stat. (1981). This admitted, complete failure of proof as to the above essential element of the crime charged, required the circuit court to reverse the petitioner’s conviction on appeal and its failure to do so constitutes a departure from essential requirements of law. Cohen v. State, 99 So.2d 563, 565 (Fla.1957); Newman v. State, 174 So.2d 479, 484 (Fla. 2d DCA 1965).
The order under review is quashed and the cause is remanded to the circuit court with directions to reverse the subject county court conviction and direct the discharge of the petitioner from the cause.