PER CURIAM.
These three consolidated appeals are brought by the state from orders in the respective trial courts discharging juveniles for various violations of the time constraints placed on juvenile proceedings by rule or statute (comparable to the speedy trial rule and for simplicity we will refer to these violations using the terminology speedy trial). Each of the cases involves two issues, the first of which is whether the particular juvenile was properly discharged under the applicable time constraint. Remarkably, in all three cases the juveniles now concede that discharge was improper under the circumstances. This leaves us with only the second, and as it now turns out, the determinative issue common to the three cases, that is: whether the state has the right to obtain review of a final order discharging an individual in juvenile proceedings for a violation of his right to speedy trial.
In a revised opinion the fifth district, in State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA 1982), held that the state has “a constitutional right of appeal from judgments in juvenile cases.” The rationale consists of a comparison of Article V, Section 5(3), Florida Constitution (1956), with the present provision contained in Article V, Section 4(b)(1), Florida Constitution (1981). The former provision explicitly confers a constitutional right to appeal from final judgments of trial courts. Crownover v. Shannon, 170 So.2d 299 (Fla.1964). The court concludes that the subsequent amendment was not intended “to eliminate the right of appeal from final judgments.” We find this rationale persuasive.
The third district, in two eases, has reached a contrary conclusion. In State v. C.C., (Fla. 3d DCA Case Nos. 81-2564, 82-666, 82-797, 82-1825, opinion filed *618 March 24, 1983), the majority bases its holding on the premise that the state’s right to appeal is purely statutory and in the absence of such a statute there is no right to appeal. A special concurrence arrives at the same conclusion based upon the lack of an express grant to the state, by the constitution, of the right to appeal from adverse final judgments related to law enforcement, and, secondly, “the obvious unacceptability of the logical extension, indeed the precise content of the contrary rule announced in W.A.M., under which the state would have the right to appeal from a final judgment of acquittal in a criminal case.” Again we find the position taken by our sister court facially compelling.
In a subsequent case, State v. G.P., 429 So.2d 786 (Fla. 3d DCA 1983), the third district followed its earlier holding but went further to find that certiorari was not available to the state to circumvent the jurisdictional limitation imposed by lack of statutory authority to appeal from a final judgment. The court then certified two questions to the supreme court:
Are the provisions of Article V, Section 4(b)(1) of the Florida Constitution (1980) self-executing so as to afford the state the right to appeal from a final judgment in a criminal case the same as any other party litigant except where an appeal would be futile under applicable principles of double jeopardy?
If the answer to the first question is in the negative, may the district court of appeal utilize the common law writ of certiorari to review the final judgment assuming the elements of the writ are satisfied?
The lack of recourse by the state to a right of review of final judgments in juvenile proceedings does not shock the judicial conscience of this court. Consequently, there is no incentive to grasp at straws in an attempt to remedy an untenable situation. Having analyzed the cases, however, we find that while some of the reasoning of the third district cases is compelling, on balance we respectfully disagree with the conclusion that neither an appeal nor certio-rari is available to the state under these circumstances. We therefore align ourselves with the fifth district.
Even if an appeal were not available to the state we think that certiorari would lie. The G.P. court concludes that a district court’s review “by certiorari of final judgment is limited to the supervisory review of a decision of a lower court sitting in its appellate capacity where the circuit court has departed from the essential requirements of law.” The opinion cites first to Nellen v. State, 226 So.2d 354 (Fla. 1st DCA 1969), for this proposition. As we read Nellen it simply holds that certiorari review is available only from the same court level to which appeal would be appropriate; that is, from county court both appellate and certiorari jurisdictions are in the circuit court. The second case cited, one of our own, Lee v. State, 374 So.2d 1094 (Fla. 4th DCA 1979), establishes that certiorari review is available only where there has been a departure from the essential requirements of the law and that certiorari is not to be used to obtain a second appeal. As the instant case illustrates, there is no “second” appeal involved in these juvenile cases. We therefore do not read either Nellen or Lee as supportive of the proposition for which it has been cited in G.P. As final authority for the proposition noted, G.P. points to Florida Rule of Appellate Procedure 9.030(b)(2)(B) which provides:
(2) Certiorari Jurisdiction. The certio-rari jurisdiction of district courts of appeal may be sought to review.
(A) non-final orders of lower tribunals other than as prescribed by Rule 9.130;
(B) final orders of circuit courts acting in their review capacity.
We agree with the third district’s interpretation of this provision; however, it is followed in the Rule by 9.030(b)(3):
(3) Original Jurisdiction. District courts of appeal may issue writs of mandamus, prohibition, quo warranto, common law certiorari and all writs necessary to the complete exercise of the courts’ jurisdiction; or any judge thereof may issue writs of habeas corpus returnable *619 before the court or any judge thereof, or before any circuit judge within the territorial jurisdiction of the court. [Emphasis added.]
We do not ascribe redundancy to these sections. The former provision clearly pertains to the situation envisioned by the G.P. opinion. In our view, the latter provision affords redress on a broader basis, limited, however, within the confines with which the writ of certiorari has been circumscribed by the common law. Thus it is our view that the state would be afforded review from an adverse final judgment in juvenile proceedings by certiorari under appropriate circumstances if an appeal were not available.
Regarding the availability of appeal, the concurring opinion in C.C. (and we are concerned only with the “final judgment” aspect of the opinion) reasons that no constitutional right is granted to the state by article V, section 4(b) to appeal from final judgments entered against it in the exercise of its law enforcement functions. We take issue with the two stated reasons for this hypothesis. We also disagree on the ground that Article Y, § 4(b)(1), Florida Constitution (1972), provides in part:
District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court. [Emphasis supplied.]
If this section does not create a right of appeal, the language “that may be taken as a matter of right” would appear to be sur-plusage. There either is a right to appeal or there is not. To treat the quoted language as limiting the appeal jurisdiction of the district courts to those situations in which there is a “right” to appeal would be meaningless. This is somewhat equivalent to saying the court shall have jurisdiction to hear an appeal where there is a right to appeal but shall not have jurisdiction where there is no right to appeal. The possibility that such an unreasonable construction was intended in so wording the constitution cannot be presumed.
Alternately the emphasized phrase could be interpreted to mean “where a right of appeal exists under the general law.” It seems rather obvious, however, that if this was meant, it would have been said. Additionally, the presence of a comma between the words “appeals” and “that” belies such a construction. While the absence of a comma would lend itself to the interpretation that the clause was merely descriptive of the word “appeals,” the use of the comma sets off the clause and emphasizes that “such appeals may be taken as a matter of right.” Lastly, we have difficulty with the contention that while case law interprets the predecessor to this section of the constitution as conferring a right of appeal in civil cases, Crownover v. Shannon, 170 So.2d 299 (Fla.1964), the identical language means something else in criminal cases. (We do not mean to imply, however, that juvenile proceedings are criminal in nature.)
The second prong of the rationale is that the reasoning of W.A.M. is fatally flawed “by the obvious unacceptability of the logical extension, indeed the precise content of the contrary rule announced in W.A.M., under which the state would have the right to appeal from a final judgment of acquittal in a criminal case.” We take issue with this proposition and suggest that such a result is not the logical extension of W.A.M. Rather, W.A.M. prevents the unique nature of juvenile proceedings from being construed to create a loophole through which a technicality prevents review. If the appeal is deemed to be civil in nature then either party is entitled to appeal. Conversely if the nature of juvenile delinquency proceedings is such as to require appeals therefrom to be considered as criminal appeals (D.S.K. v. State, 396 So.2d 730 (Fla. 5th DCA 1981)), then the state would be permitted to appeal pursuant to Rule 9.140(c)(1)(E), Florida Rules of Appellate Procedure. Where an appeal is permis *620 sible in either the civil or criminal context, it would be an anomaly to permit this proceeding to slip through the cracks as neither of a wholly civil nor wholly criminal nature.
In summary, we are inclined to the view that the state has a constitutional right to appeal a final judgment discharging a juvenile because of a violation of his speedy trial rights. Alternatively, if such a right of appeal does not exist the error could be reached by application for a writ of common law certiorari, provided the usual criteria are met.
Following the lead of our sister court we find that the issues resolved by this opinion are of great public importance, and, pursuant to Article V, Section 3(b)(4) of the Florida Constitution (1980), we therefore certify the following slightly reworded questions:
Are the provisions of Article V, Section 4(b)(1) of the Florida Constitution (1980) self-executing so as to afford the state the right to appeal from a final judgment in a juvenile proceeding the same as any other party litigant except where an appeal would be futile under applicable principles of double jeopardy?
If the answer to the first question is in the negative, may the district court of appeal utilize the common law writ of certiorari to review the final judgment assuming the elements of the writ are satisfied?
In each of the three consolidated cases we quash the order of discharge and remand for further appropriate proceedings.
REVERSED; REMANDED; QUESTIONS CERTIFIED.
ANSTEAD and HERSEY, JJ., concur.
HURLEY, J., concurs in part and dissents in part with opinion.