455 So.2d 636 (1984)
STATE of Florida, Appellant,
v.
E.N., a Child, Appellee.
No. 83-1570.
District Court of Appeal of Florida, Fifth District.
September 13, 1984.
James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellee.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellant.
PER CURIAM.
This appeal involves the question of whether section 228.091(1), Florida Statutes (Supp. 1982), which prohibits trespass upon the grounds of a public school facility, applies when a student of one public school "unlawfully enter[s] or remain[s] upon the campus or other facility of [another] public school."
Appellee, a juvenile, was charged with delinquency by virtue of entering or remaining upon the campus of Grand Avenue School in Orange County in violation of the statute in question. By motion appellee alleged, without contest, that he was a duly enrolled student in Memorial Junior High School, a public school. The trial court granted appellee's motion to dismiss the delinquency charge on the basis that the statute in question was not applicable because appellee was a student at a public school, although not at the public school in question. The State appeals.[1]
*637 Section 228.091(1), Florida Statutes (Supp. 1982), states:
Trespass upon grounds or facilities of public schools; penalties; arrest. 
(1) Any person who:
(a) 1. Is not a student, officer, or employee of a public school;
2. Does not have legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property; or
3. Is not a parent, guardian, or person who has legal custody of a student enrolled at such school; or
(b) 1. Is a student currently under suspension or expulsion; or
2. Is an employee who is not required by his employment by such school to be on the campus or any other facility owned, operated, or controlled by the governing board of such school and who has no lawful purpose to be on such premises;

and who enters or remains upon the campus or any other facility owned by any such school commits a trespass upon the grounds of a public school facility and is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (Emphasis added).
The State argues that "The effect of [the lower court's] holding is that a person who is a student at any public school, yet does not have legitimate business at the particular school he was trespassing on will not be prosecuted under the above statute. The State would strongly argue that the above interpretation of the statute does not comport with logic and reason and ignores or misapprehends the clear meaning of the statute." There is logic in this position.
Clearly the legislature did not intend that any student of any public school any where could enter and remain on the premises of a school in which he or she was not enrolled and otherwise had no legitimate business or authorization. A person who is not a student, officer or employee of a public school; who does not have legitimate business on the campus; or who is not a parent, etc. of a student enrolled at such school, commits a trespass when entering or remaining on the campus or other facility of such school.
We find the statute to be clear in its meaning and to therefore proscribe the entering or remaining upon school grounds of a person who is not a student, officer or employer of that school or who otherwise has no legitimate business on that campus or any other authorization, license or invitation to enter or remain on that school property (section 228.091(1)(a)1). Therefore, a person who is a student at a public school other than the one he enters or remains in is not within the classes of persons exempted from the application of the statute.
The order of dismissal is reversed and the case is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ. concur.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
The trial judge read section 228.091(1), Florida Statutes, to mean that every student of a public school is within the class of persons described in subparagraph (1)(a)1. to be excluded from the application of that trespass statute. The majority opinion reads that exclusion to mean that only students enrolled at a particular public school are excluded from persons who can be guilty of trespassing at the school in which they are enrolled. Each of the subparagraphed groups of exclusions in the statute are separate, independent and in the disjunctive. As "a student" of "a public school," appellee is within the class of persons excluded by subparagraph (1)(a)1. That subparagraph nowhere refers to an "enrolled" student. To find that word the majority opinion goes to subparagraph *638 (1)(a)3. which relates to, and excludes, parents, guardians and legal custodians of "enrolled" students.
As written, this statute is reasonably capable of being read and understood in two possible senses  that taken by the trial judge and that taken by the majority opinion  and it is, therefore, ambiguous. However, the legal point is not which of the two meanings was intended by the legislature. This is not one of the more common situations where a court properly construes an ambiguous statute to determine the true intent[1] of the legislature. This is a penal statute. The correct and applicable rule of law is that penal statutes must be strictly construed and any ambiguity resolved in favor of the accused.[2] When a criminal statute is ambiguous, and under one meaning it applies to the defendant or his conduct and under the other meaning it does not, the proper resolution of the legal problem is not for the appellate court to construe or interpret the statute and explain the rationale for its adoption of the second, more harsh, meaning but to declare the statute to be ambiguous and hold that, for that reason alone, the statute must be applied in accordance with the meaning most favorable to the accused. This is what the trial judge correctly did in this case and he should be affirmed. If the legislature desires the more severe of the two possible meanings or applications of the statute, it should revise the statute to remove the ambiguity and to make its intent clear. Passed in 1968 and stuck away in a chapter of general provisions involving Public Education, this is doubtless one of the most poorly worded of any Florida criminal statute. It is ambiguous in many details and should be fully revised and its meaning made clear by the legislature, not by judicial construction and opinion.
NOTES
[1] This court has upheld the State's right to appeal in a juvenile case. State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA 1982), review denied, 419 So.2d 1201 (Fla. 1982), but that question has not been finally decided, see State v. G.P., 429 So.2d 786 (Fla. 3d DCA 1983), review granted, No. 63,613 (Fla. May 2, 1983), and State v. J.P.W., 433 So.2d 616 (Fla. 4th DCA 1983), review granted, J.P.W. v. State, No. 63,981 (Fla. July 18, 1983).
[1] By this statute the legislature may have intended for it to be a crime for any school student to merely aimlessly step upon the grounds of a public school at which the student is not enrolled. But then again the legislature may not have intended this result. Traditionally, school children have been free to play on public school grounds after school hours, on weekends and during the summer school vacation, the same as if they were public parks. Furthermore, usually trespasses to land are not made criminal unless committed for some specific wrongful purpose or after at least one warning. See e.g., §§ 228.091(2)(b)2., 810.08(1) and 810.09(1) and (2)(b), Fla. Stat. By the vague, confusing, ambiguous, overbroad language in this statute, has the legislature clearly indicated an intent to make such conduct criminal?
[2] Ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity. Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). See also Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952); United States v. Evans, 333 U.S. 483, 68 S.Ct. 634, 92 L.Ed. 823 (1948); Ex parte Amos, 93 Fla. 5, 112 So. 289 (1927); Atlantic Coast Line R. Co. v. State, 73 Fla. 609, 74 So. 595 (1917).