PER CURIAM.
This appeal involves the question of whether section 228.091(1), Florida Statutes (Supp.1982), which prohibits trespass upon the grounds of a public school facility, applies when a student of one public school “unlawfully enter[s] or remain[s] upon the campus or other facility of [another] public school.”
Appellee, a juvenile, was charged with delinquency by virtue of entering or remaining upon the campus of Grand Avenue School in Orange County in violation of the statute in question. By motion appellee alleged, without contest, that he was a duly enrolled student in Memorial Junior High School, a public school. The trial court granted appellee’s motion to dismiss the delinquency charge on the basis that the statute in question was not applicable because appellee was a student at a public school, although not at the public school in question. The State appeals.[1]
*637 Section 228.091(1), Florida Statutes (Supp.1982), states:
Trespass upon grounds or facilities of public schools; penalties; arrest.—
(1) Any person who:
(a) 1. Is not a student, officer, or employee of a public school;
2. Does not have legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property; or
3. Is not a parent, guardian, or person who has legal custody of a student enrolled at such school; or
(b) 1. Is a student currently under suspension or expulsion; or
2. Is an employee who is not required by his employment by such school to be on the campus or any other facility owned, operated, or controlled by the governing board of such school and who has no lawful purpose to be on such premises;
and who enters or remains upon the campus or any other facility owned by any such school commits a trespass upon the grounds of a public school .facility and is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.-082, s. 775.083, or s. 775.084. (Emphasis added).
The State argues that “The effect of [the lower court’s] holding is that a person who is a student at any public school, yet does not have legitimate business at the particular school he was trespassing on will not be prosecuted under the above statute. The State would strongly argue that the above interpretation of the statute does not comport with logic and reason and ignores or misapprehends the clear meaning of the statute.” There is logic in this position.
Clearly the legislature did not intend that any student of any public school any where could enter and remain on the premises of a school in which he or she was not enrolled and otherwise had no legitimate business or authorization. A person who is not a student, officer or employee of a public school; who does not have legitimate business on the campus; or who is not a parent, etc. of a student enrolled at such school, commits a trespass when entering or remaining on the campus or other facility of such school.
We find the statute to be clear in its meaning and to therefore proscribe the entering or remaining upon school grounds of a person who is not a student, officer or employer of that school or who otherwise has no legitimate business on that campus or any other authorization, license or invitation to enter or remain on that school property (section 228.091(l)(a)l). Therefore, a person who is a student at a public school other than the one he enters or remains in is not within the classes of persons exempted from the application of the statute.
The order of dismissal is reversed and the case is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ. concur.
COWART, J., dissents with opinion.

. This court has upheld the State's right to appeal in a juvenile case. State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA 1982), review denied, 419 So.2d 1201 (Fla.1982), but that question has not been finally decided, see State v. G.P., 429 So.2d 786 (Fla. 3d DCA 1983), review granted, No. *637 63,613 (Fla. May 2, 1983), and State v. J.P.W., 433 So.2d 616 (Fla. 4th DCA 1983), review granted, J.P.W. v. State, No. 63,981 (Fla. July 18, 1983).