BOYD, Chief Justice,
concurring in part and dissenting in part.
I concur in the Court’s disapproval of the district court’s holding that the state had a constitutional right of appeal. Our recent decision in State v. Creighton, 469 So.2d 735 (Fla.1985), rejected the state’s argument of such a constitutional right of appeal. However, I find that the state has a statutory right of appeal in these cases.
The petitioners were brought into circuit court charged with acts of juvenile delinquency. Eventually the respective circuit courts in all three cases entered orders “discharging juveniles for various violations of the time constraints placed on juvenile proceedings by rule or statute.” State v. J.P.W., 433 So.2d 616, 617 (Fla. 4th DCA 1983): The state sought to appeal the circuit court orders and the juveniles challenged the state’s right to appeal them. The district court held that article V, section 4(b)(1), Florida Constitution, conferred upon the state the right to appeal the trial court orders. The district court reversed the trial court orders and remanded for further proceedings.
I would find that the state had a right to appeal the circuit court orders dismissing the juvenile delinquency petitions on speedy trial grounds. I would therefore approve the result of the district court’s decision. Unlike the district court, however, I find that the state’s right to appeal is conferred by statute rather’ than by the constitution.
Section 924.07(1), Florida Statutes (1981), provides in pertinent part:
The state may appeal from:
(1) An order dismissing an indictment or information or any count thereof;
I find that this clause, which provides for appellate review of orders of speedy-trial discharge in criminal cases, was intended to also provide such a right of appeal in juvenile delinquency cases.
*149 When a petition is filed seeking to have a minor adjudicated delinquent, it must allege the commission by the juvenile of an act which is and, if committed by an adult, could be prosecuted as a crime under the laws of Florida. The procedures for adjudication of delinquency are adversary in nature and the accused juvenile is entitled to many of the same due process protections to which persons accused of crime are entitled. Juvenile delinquency proceedings are in many ways analogous to criminal proceedings. When the state is aggrieved by an adverse and erroneous trial court decision in a criminal case, it has an appellate remedy to the extent that such is granted by sections 924.07 and 924.071, Florida Statutes (1981). I would hold that these statutes should be construed to similarly apply to adverse judgments and orders in juvenile delinquency proceedings. Because an order of discharge on speedy trial grounds in a juvenile delinquency case is in the nature of an order adverse to the state in a criminal proceeding, I believe find that the state may appeal it under section 924.07(1).
I would therefore approve the result of the district court’s decision even though it was based on a theory found erroneous in State v. Creighton.
ALDERMAN and EHRLICH, JJ., concur.