484 So.2d 1210 (1986)
E.N., a Child, Petitioner,
v.
STATE of Florida, Respondent.
No. 65977.
Supreme Court of Florida.
January 23, 1986.
Rehearing Denied April 8, 1986.
James B. Gibson, Public Defender and Lucinda H. Young, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
This cause is before the Court on petition for review of the district court decision reported as State v. E.N., 455 So.2d 636 (Fla. 5th DCA 1984). Review is sought on the ground that on two points of law the decision of the district court of appeal is in conflict with decisions of other district courts of appeal and of this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The state charged the juvenile petitioner with juvenile delinquency by reason of having violated section 228.091(1), Florida Statutes (Supp. 1982), which prohibits "trespass upon the grounds of a public school facility" and designates the offense in question as a second-degree misdemeanor.[*] The accused juvenile moved to dismiss the charge on the ground that because the juvenile at the time of the alleged trespass was a student "of a public school," the statute by its plain language did not apply. The trial court found that under the facts stated in the motion to dismiss and not disputed by the state the statute did not apply and dismissed the petition for delinquency. The state appealed.
On appeal, the district court reversed the trial court's decision and held that this criminal statute could properly be applied to a person entering upon public school grounds even though that person was at the time in fact a student at a public school if the person was a student at a school *1211 other than the public school entered upon. The court reasoned that the first clause of subsection (1)(a) of section 228.091 had to be construed in conjunction with the remaining language of section 228.091(1), which indicated a legislative intent to prohibit entry by any person not enrolled, employed, or otherwise having legitimate business at that particular school. Judge Cowart dissented, arguing that construction of an ambiguous penal statute must be in favor of the accused.
Before reaching the merits of the state's appeal as described above, the district court resolved the question, apparently raised by the appellee, of whether the state was entitled to appeal the juvenile court's order of dismissal. Because we must hold that the district court was in error on the issue of the state's right to appeal, we quash the decision of the district court of appeal without reaching the question of the proper construction of the school trespass statute.
This Court recently held that the right of the state to appeal in a criminal case is conferred and strictly governed by statute. State v. Creighton, 469 So.2d 735 (Fla. 1985). The same rule applies in juvenile delinquency cases, and we have recently found and declared that no statute confers on the state a right of appeal in such juvenile cases. J.P.W. v. State, 476 So.2d 148 (Fla. 1985); State v. G.P., No. 63,613 (Fla. Aug. 30, 1985); State v. C.C., 476 So.2d 144 (Fla. 1985).
Under the law of Florida as resolved by these cases, it is clear that, there being no statutory conferral of a right of appeal upon the state, it was not entitled to appellate review of the circuit court's order dismissing the juvenile delinquency petition in the instant case. The district court of appeal should have dismissed the state's appeal.
The decision of the district court of appeal is quashed and the case is remanded with directions to dismiss the state's appeal.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.
NOTES
[*] Section 228.091(1) provides as follows:

(1) Any person who:
(a)1. Is not a student, officer, or employee of a public school;
2. Does not have legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property; or
3. Is not a parent, guardian, or person who has legal custody of a student enrolled at such school; or
(b)1. Is a student currently under suspension or expulsion; or
2. Is an employee who is not required by his employment by such school to be on the campus or any other facility owned, operated, or controlled by the governing board of such school and who has no lawful purpose to be on such premises;
and who enters or remains upon the campus or any other facility owned by any such school commits a trespass upon the grounds of a public school facility and is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.