ZEHMER, Judge.
Appellants were charged with trespass on the property of a middle school in violation of section 228.091(2), Florida Statutes (1985).
Section 228.091(2) reads as follows:
(2) Any person who:
(a)l. Is not a student, officer, or employee of a public school;
2. Does not have legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property; or
3. Is not a parent, guardian, or person who has legal custody of a student enrolled at such school; or
(b)l. Is a student currently under suspension or expulsion; or
2. Is an employee who is not required by his employment by the school to be on the campus or any other facility owned, operated, or controlled by the governing board of such school and who has no lawful purpose to be on such premises; and who enters or remains upon the campus or other facility of such school after the chief administrative officer of such school, or any employee thereof designated by him to maintain order on such campus or facility, has directed such person to leave such campus or facility or not to enter upon the same, is guilty of the offense of trespass upon the grounds of a public school facility and is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.-083, or s. 775.084.
Appellants argue that since they were students at another public school in the school system they were “a student” within the meaning of the statute and, thus, exempt from the statute’s class of prohibited persons.
We find no ambiguity or vagueness in the meaning and intent of the statute. It very plainly prohibits any person not a student of a public school from remaining *1157 “upon the campus or other facility of such school after the chief administrative officer of such school ... has directed such person to leave such campus or facility” (emphasis supplied). Use of the emphasized words “such school” clearly indicates that only a student of such school falls outside the proscription of this statute. We therefore agree with the decisions of the Fifth District Court of Appeal in State v. E.N., 455 So.2d 636 (Fla. 5th DCA 1984), quashed on other grounds, 484 So.2d 1210 (Fla.1986), and the Third District in A.P. v. State, 491 So.2d 1296 (Fla. 3d DCA 1986). Accordingly, the appealed order is AFFIRMED.
JOANOS and WIGGINTON, JJ., concur.