593 So.2d 1137 (1992)
FLORIDA HOSPITAL ASSOCIATION, INC., Florida League of Hospitals, Inc. and Association of Voluntary Hospitals, Inc., Appellants,
v.
HEALTH CARE COST CONTAINMENT BOARD, Appellee. and Citizens of the State of Florida, Office of the Public Counselor, Intervenor.
Nos. 91-1311, 91-1317.
District Court of Appeal of Florida, First District.
February 7, 1992.
*1138 Steven T. Mindlin, and John F. Gilroy, III, of Haben, Culpepper Dunbar & French, P.A., Tallahassee, for appellant, Florida League of Hospitals.
John M. Knight and Robert A. Weiss, of Parker, Hudson, Rainer & Dobbs, Tallahassee, for appellant Ass'n of Voluntary Hospitals.
Julia P. Forrester, Tallahassee, for appellee.
Jack Shreve and Stephen M. Presnell, Office of Public Counsel, Tallahassee, intervenor.
ERVIN, Judge.
Florida Hospital Association, Inc., Florida League of Hospitals, Inc., and the Association of Voluntary Hospitals, Inc., appeal an order in favor of the Health Care Cost Containment Board (Board) upholding the validity of proposed Florida Administrative Code Rule 10N-5.0605. The essential issues for our determination are whether certain provisions of Chapter 407, Florida Statutes (1989), provide authority to promulgate the proposed rule, and whether the proposed rule enlarges, modifies, or contravenes the requirement of Section 407.06, Florida Statutes (1989), that penalties are to be calculated per day of violation. We affirm, but certify the latter question to the Florida Supreme Court.
Section 407.50, Florida Statutes (1989), authorizes the Board to, among other things, review and approve hospital budgets, which must include projected gross revenues per adjusted admission (GRAA)[1] for the following year. The Board is required to calculate for each hospital the maximum rate at which a hospital is expected to increase its GRAA during a given period, which is called its maximum allowable rate of increase (MARI). In establishing a yearly budget, a hospital has two options under section 407.50. First, after its independent determination that it can operate within a certain statutorily defined rate for increase, which is determined by multiplying the hospital's MARI times the *1139 hospital's prior year actual experience of GRAA, the hospital may submit a "budget letter," which becomes the budget of the hospital by operation of law. A hospital that files a budget letter must affirmatively state in the letter that it will not exceed its MARI in gross revenue during the next fiscal year. The Board then has 30 days to determine whether the GRAA in the letter is within the MARI established for that hospital.
In the alternative, hospitals specifically seeking an increased GRAA for the year, beyond their previously approved MARI, must submit a detailed budget to the Board for approval. In presenting their budgets pursuant to this option, hospitals are required to comply with section 407.50(3) which states, "No hospital submitting a budget for approval shall operate at a level of expenditures or revenues which exceeds the maximum allowable rate of increase minus 1 percentage point unless a higher rate of increase has been approved by the board." The Board must then determine whether the rate of increase of GRAA the hospital requested is just, reasonable, and not excessive, using the twelve criteria enumerated in section 407.50(5). Although Section 407.51, Florida Statutes (1989), specifically penalizes hospitals which receive more net revenue[2] per adjusted admission (NRAA) than was permitted by their approved budgets for that year, there is no similar statutory provision or rule specifically penalizing hospitals for exceeding GRAA without approval.
The hearing officer concluded that the legislature intended to control gross revenue when it enacted chapter 407, and that the provisions therein make it unlawful for a hospital's GRAA to exceed that which has been budgeted and approved. In reaching his conclusions, the hearing officer made the following findings of fact: Gross revenues constitute all charges for hospital services, while net revenues constitute dollars actually received for the provision of hospital services, and it is possible for a hospital to exceed its approved or certified GRAA while its NRAA remains at or below budget. In fiscal year 1987, 154 out of 215 general acute care hospitals had GRAA averaging 4.4% over their board-approved budgets, for a total excess of $506,000,000. In 1988, 148 out of 205 hospitals had GRAA averaging 5.1% more than their approved budgets, for a total excess of $682,000,000. In 1989, 154 out of 205 hospitals had GRAA averaging 7.3% in excess of their approved budgets, for a total of $1,500,000,000 in excess gross revenues. The actual experience of general acute care hospitals, as compared to their prior year's GRAA, revealed increases of 13.8% in 1987, 13.5% in 1988, and 16.6% in 1989, while hospital inflation experienced increases of only 3.8% in 1987, 5% in 1988, and 5.1% in 1989. Moreover, 55 out of 282 hospitals submitted budgets for fiscal year 1989 in which the approved GRAA was less than their actual GRAA experience in 1988.
From this stipulated data, it appears that although hospitals' proposed GRAAs are being reviewed each year, certain hospitals are continuing to raise their charges beyond the approved rates. The Board logically contends that without being subjected to any sanctions for violating section 407.50 by exceeding stated GRAA limits, too many hospitals are flouting the requirements of section 407.50. The dispute in this case is whether there is statutory authority for the proposed rule which penalizes excessive GRAA. We conclude that there is.
Article I, Section 18 of the Florida Constitution[3] prohibits agencies from imposing penalties that are not authorized by statute. The legislature's intent is explicitly stated in Section 407.003, Florida Statutes (1989), which provides in subsection (3)(a) that by enacting chapter 407, the legislature intended to "[e]stablish a program which will contain hospital charges that exceed certain thresholds where competition-oriented methods do not adequately *1140 contain costs." Section 407.03, Florida Statutes (1989), which authorizes adoption of rules to implement the chapter, and section 407.06, which authorizes the Board to penalize hospitals for violations of any statute or rule authorized by chapter 407, together permit promulgation of rules providing penalties for violations of chapter 407. The legislature articulated a hospital's obligations in preparing a yearly budget. The provisions of section 407.50, discussed above, clearly demonstrate that exceeding approved or certified GRAA is not permitted by law. As the administrative body charged with administering this law, the Board is given broad discretion to execute the law. Florida League of Cities, Inc. v. Administration Comm., 586 So.2d 397, 410-11 (Fla. 1st DCA 1991). We therefore conclude that section 407.06 authorizes the Board to promulgate a rule imposing penalties against hospitals which exceed their budgeted GRAA, as outlined in section 407.50 and pertinent rules.
Our determination of whether the procedure provided in the proposed rule for calculating the penalty to be imposed for exceeding an approved GRAA complies with delegated legislative authority is, however, more difficult. It appears that the only way to calculate excess GRAA is to take into account a hospital's total charges during the entire preceding fiscal year. As a result, the formula in the proposed rule requires the actual excess charges to be averaged over 365 days, which thus assumes that the hospital was in violation each day of the year, and provides that the fine shall not exceed $365,000. These requirements reflect the Board's attempt to promulgate a rule within the confines of section 407.06, which specifically provides that no fine shall exceed $1,000 per day, and that "[e]ach day in violation shall be considered a separate offense." Appellants contend that because the formula in the proposed rule is based upon amounts calculated over the full year, it does not penalize violations on a per-diem basis, but instead retroactively penalizes a hospital for a full-year period, and thus exceeds or is contrary to the limits imposed by section 407.06. We conclude that it is reasonable for the Board to have decided that if a hospital exceeds a projected GRAA which was certified or approved in a budget, after factoring in any unusual or unavoidable conditions, as the proposed rule requires, this does constitute a daily violation over the year-long period. An agency's construction of the statute it is charged with administering must be afforded great weight and should not be rejected unless such interpretation is clearly erroneous. Pan American World Airways, Inc. v. Public Serv. Comm., 427 So.2d 716, 719 (Fla. 1983); Board of Optometry v. Society of Opthalmology, 538 So.2d 878, 885 (Fla. 1st DCA 1988).
We AFFIRM the order below. Nevertheless, because penal provisions are generally accorded a narrow construction, we certify the following question to the supreme court as one of great public importance:
DOES SECTION 407.06, FLORIDA STATUTES (1989), SPECIFICALLY AUTHORIZE, AS REQUIRED BY ARTICLE I, SECTION 18 OF THE FLORIDA CONSTITUTION, THE PENALTY FORMULA OF PROPOSED FLORIDA ADMINISTRATIVE CODE RULE 10N5.0605?
KAHN and WOLF, JJ., concur.
NOTES
[1] Section 407.002(12), Florida Statutes (1989), defines "gross revenue" as "the sum of daily hospital service charges, ambulatory service charges, ancillary service charges, and other operating revenue. Gross revenues do not include contributions, donations, legacies, or bequests made to a hospital without restriction by the donors." Subsection (1) defines "adjusted admission" as "the sum of acute admissions and intensive care admissions divided by the ratio of inpatient revenues generated from acute, intensive, ambulatory, and ancillary patient services to gross revenues."
[2] Section 407.002(19) defines "net revenue" as "gross revenue minus deductions from revenue."
[3] That section provides: "No administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law."