DAUKSCH, Judge,
concurring specially.
This is an appeal from an order dismissing a petition for delinquency.
At issue is whether a person who is a student at a public school can be properly arrested for trespass on the grounds of that school.[1]
Section 228.091(2), Florida Statutes (1991) provides:
(2) Any person who:
(a) 1. Is not a student, officer, or employee of a public school;
2. Does not have legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property; or
3. Is not a parent, guardian, or person who has legal custody of a student enrolled at such school; or
(b) 1. Is a student currently under suspension or expulsion; or
2. Is an employee who is not required by his employment by the school to be on the campus or any other facility owned, operated, or controlled by the governing board of such school and who has no lawful purpose to be on such premises; and who enters or remains upon the campus or other facility of such school after the chief administrative officer of such school, or any employee thereof designated by him to maintain order on such campus or facility, has directed such person to leave such campus or facility or not to enter upon the same, is guilty of the offense of trespass upon the grounds of a public school facility and is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
Various cases have held that a person who is not registered at the school where he is alleged to have trespassed does not fall within the statutory exceptions. State v. E.N., 455 So.2d 636 (Fla. 5 DCA 1984). See also, T.T. v. State, 506 So.2d 1156 (Fla. 1st DCA 1987); A.P. v. State, 491 So.2d 1296 (Fla. 3d DCA 1986). Here, appellee was a student of the school where he was arrested, so he falls within the exception. Section 228.091(2)(a)l.
It is the argument of the state that because the student could not show he had a legitimate purpose for being on his school grounds at the time that he was ordered to leave that he was guilty under the statute. A reasonable reading of this poorly drafted statute, which like all penal statutes must be interpreted narrowly against the state and the benefit of any doubt given to the accused,[2] is that subsections (2)(a)l. and (2)(a)2. are exclusive of each other and that each provide an exemption. That is, if one is a student of the school or if one has legitimate business there, then he is not a trespasser under this statute.
*601 Perhaps the legislature will get someone to draft a good and readable statute, as was called for by the dissent in E.N. Instead of accusing the courts of dealing out “absurd results,” perhaps the assistant attorney general who argued this case may want to approach the legislature.

. We have jurisdiction to hear this state appeal. Section 39.069(l)(b)l., Fla.Stat. (1991).

. State v. Llopis, 257 So.2d 17 (Fla.1971); Galbut v. City of Miami Beach, 605 So.2d 466 (Fla. 3d DCA 1992); Florida Hosp. Ass’n, Inc. v. Health Care Cost Containment Bd., 593 So.2d 1137 (Fla. 1st DCA), rev. dismissed, 599 So.2d 655 (Fla.1992); State v. Gonzalez, 467 So.2d 723 (Fla. 3d DCA 1985).