PER CURIAM.
Petitioner Shirley Millar seeks review by petition for writ of certiorari of an amended conditional release order of the circuit court. We have jurisdiction pursuant to Art. V, § 4(b)(3), Fla. Const.
The only issue for our review is whether the circuit court departed from the essential requirements of law when it entered an amended conditional release order placing Millar in the Renaissance Program in Macclenny. A court departs from the essential requirements of law when there is no evidence in the record to support the order. Blocker’s v. Yarborough, 277 So.2d 9 (Fla. 1973); Jantzen v. State, 422 So.2d 1090 (Fla. 3d DCA 1982); Lee v. State, 374 So.2d 1094 (Fla. 4th DCA 1979); Whispering Pines Lake Owners Ass’n v. Demosthenis, 361 So.2d 827 (Fla. 3d DCA 1978).
In the present case, the uncontradict-ed expert testimony originally recommended that Millar be placed in the Renaissance Program in Jacksonville. These same experts later recommended Halifax in Daytona when it became known that Renaissance in Jacksonville could not offer the program to anyone else. Renaissance in Macclenny evaluated Millar and stated that they could not take Millar because she was too high functioning in that she was already capable of doing all the things that they could hope to teach her. There was no expert testimony recommending Renaissance in Macclenny. Although the Second District Court of Appeal has stated that a circuit court has some discretion concerning where a conditionally released patient should be placed, the circuit court in that case relied upon the advice of experts in making its determination. State v. Stoutamire, 602 So.2d 564, 568 (Fla. 2d DCA 1992). Despite the lack of any evidence in the present case supporting the placement of Millar in the Renaissance Program in Mac-clenny, the circuit court ordered that Millar reside at the facility in Macclenny and be given a thirty day leave of absence followed by a conditional release if the leave of absence was successful.
The circuit court departed from the essential requirements of law because there is no evidence in the record to support the placement of Millar at Renaissance in Macclenny. Therefore, we grant the petition for writ of certiorari, quash the amended conditional release order and remand the cause with directions to enter a conditional release order consistent with this opinion.
ERVIN and BENTON, JJ., concur.
MINER, J., dissents without opinion.